CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  burrow@caldwell-leslie.com
CAMERON J. JOHNSON, State Bar No. 266729
  cjohnson@caldwell-leslie.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants PARAMOUNT
PICTURES CORPORATION, SONY
PICTURES ENTERTAINMENT INC.,
and VIACOM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID L. WHITEHEAD,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIUM FILMS; VERIZON INC.; PARAMOUNT PICTURES; VIACOM; 20TH CENTURY FOX FILM; OPRAH WINFREY; TOM CRUISE; PAULA WAGNER; DAN SNYDER; JP MORGAN; COMCAST INC.; SONY; MOONBOT STUDIOS; CHIPOTLE MEXICAN GRILL; APPLE INC.; SHEILA C. JOHNSON; HARVEY WEINSTEIN; THE WEINSTEIN COMPANY; COLONEL J. GEORGE & S. SALOOM HANNIE COMMUNITY HOME, INC. and UNKNOWN OFFICERS; SOCKRIDER, BOLIN, ANGLIN & BATTE PLC; and UNKNOWN DOES 1-50,<br><br>Defendants. | Case No. 15-CV-3564 RGK (AGRx)<br><br>**DEFENDANTS PARAMOUNT PICTURES CORPORATION, SONY PICTURES ENTERTAINMENT INC., AND VIACOM INC.'S RESPONSES TO PLAINTIFF DAVID L. WHITEHEAD'S: (1) MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT; (2) MOTION TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) MOTION FOR CONTINUANCE**<br><br>**[Declaration of Cameron J. Johnson filed concurrently herewith]**<br><br>The Honorable R. Gary Klausner<br><br>Date:      February 8, 2016<br>Time:      9:00 a.m.<br>Crtrm.:     850 |

CALDWELL LESLIE & PROCTOR

Case No. 15-CV-3564 RGK (AGRx)

DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ........................................................................................ 1

II.    BACKGROUND ......................................................................................... 3

    A.    Plaintiff's Long History as a Vexatious Litigant .................................. 3

    B.    Plaintiff's Allegations in the Instant, Frivolous Action ........................ 5

    C.    Defendants Answer and Attempt to Obtain Deposit Copies of Plaintiff's Works So Defendants Can Move for Dismissal .................. 6

    D.    Defendants Amended Answers and Defendants' Affirmative Defense Based on the Vexatious Litigant Orders ................................ 6

    E.    Plaintiff's Vexatious Motion Practice ................................................... 7

III.    PLAINTIFF'S MOTION FOR LEAVE .................................................... 7

    A.    Plaintiff is Not Required to Seek Leave to File a Motion for Partial Summary Judgment ................................................................... 7

IV.    PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED ..................... 9

V.    PLAINTIFF'S MOTION FOR CONTINUANCE ......................................... 10

VI.    CONCLUSION ......................................................................................... 10

CALDWELL LESLIE & PROCTOR

-i-

Case No. 15-CV-3564 RGK (AGRx)

DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**Cases**

4

5
*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
   581 F.3d 1138 (9th Cir. 2009) ................................................................. 8

6

7
*Colaprico v. Sun Microsystems, Inc.*,
   758 F.Supp. 1335 (N.D. Cal. 1991) ......................................................... 9

8

9
*In re Fillbach*,
   223 F.3d 1089 (9th Cir. 2000) ............................................................... 10

10

11
*Hart v. PAE Gov't Servs. Inc.*,
   No. 2:10-CV-1672-KJM-EFB, 2012 WL 2090471
   (E.D. Cal. June 8, 2012) .......................................................................8-9

12

13
*Hupp v. San Diego Cty.*,
   No. 12CV0492-GPC-RBB, 2014 WL 3573337
   (S.D. Cal. July 21, 2014) ......................................................................... 8

14

15
*McInteer v. Ashley Distrib. Servs., Ltd.*,
   40 F.Supp.3d 1269 (C.D. Cal. 2014) ....................................................... 8

16

17
*Primus Auto. Fin. Servs., Inc. v. Batarse*,
   115 F.3d 644 (9th Cir. 1997) ................................................................... 9

18

19
*Dr. Seuss Enters., L .P. v. Penguin Books USA, Inc.*,
   109 F.3d 1394 (9th Cir. 1997) ................................................................. 8

20

21
*Whitehead v. Friedman*,
   No. 02-1630 (RWR), ECF No. 48 (D.D.C. Sept. 8, 2003) ...................... 4

22

23
*Whitehead v. Paramount Pictures Corp.*
   145 F.Supp.2d 3 (D.D.C. 2001) .......................................................... 3, 4

24

25
*Whitehead v. Paramount Pictures Corp.*,
   53 F.Supp.2d 38 (D.D.C. 1999) .............................................................. 4

26

27
*Whitehead v. Paramount Pictures Corp.*,
   No. 1:08CV792(AJT/TRJ), 2009 WL 1491402
   (E.D. Va. May 26, 2009) ..................................................................... 3, 4

28

1
2
*Whitehead v. Viacom*,
   No. CIV.A. DKC 2002-1899, ECF No. 79 (D. Md. Nov. 15, 2002) .....................4

3
4
*Whitehead v. White & Case*, *LLP*,
   No. 12-cv-0399, ECF No. 45 (W.D. La. May 16, 2012) ........................................4

5
*Whitehead v. Wickham*,
   No. 05-CA-3346, 2005 WL 2874975 (D.C. Super. Ct. Sept. 6, 2005).............. 3, 4

6
7
**Statutes and Rules**

8
Fed. R. Civ. Proc. 11 .............................................................................................9

9
Fed. R. Civ. Proc. 12(f) .........................................................................................9

10
Local Rule 7-3 ........................................................................................................8

11
Local Rule 56-1 ......................................................................................................8

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALDWELL
LESLIE &
PROCTOR

Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS: (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

# I.     INTRODUCTION

Plaintiff David L. Whitehead ("Plaintiff") is a vexatious litigant.  He has, for years, made a practice of filing frivolous legal actions in numerous jurisdictions across the country in which he accuses dozens of defendants, including movie studios, lawyers, celebrities, and judges of conspiring to infringe his copyrighted works.

This action is no different.  Plaintiff alleges that numerous companies including Defendants Paramount Pictures Corporation ("Paramount"), Sony Pictures Entertainment Inc. ("SPE"), and Viacom Inc. ("Viacom") (collectively, "Defendants"), and individuals including celebrities Oprah Winfrey and Tom Cruise, somehow infringed his copyrighted works *The Rise Fall & Rise of a Mayor* and *Michael Jackson and the Ghost of Ben* through their involvement in the film *Selma*, which chronicles Dr. Martin Luther King, Jr.'s campaign for equal voting rights; the film *Lee Daniel's The Butler*, which follows the life of former White House butler Cecil Gaines; and a television commercial for Chipotle Mexican Grill ("Chipotle") titled *The Scarecrow*.  Plaintiff's complaint—and each cause of action asserted therein—is meritless, and upon receipt from the Copyright Office of the works Plaintiffs claims were infringed, Defendants will file a motion for judgment on the pleadings asking this Court to dismiss, with prejudice, each of Plaintiff's claims for relief.

Since filing this action, Plaintiff has flooded the Court with nearly thirty frivolous motions, virtually all of which have either been denied or ordered not filed due to Plaintiff's failure to comply with the Local Rules.  Plaintiff has now filed three motions:  (1) a motion for leave to file a motion for partial summary judgment (*see* ECF No. 90); (2) a motion to strike Defendants' Amended Answers and for sanctions, based on Defendants' assertion of an  affirmative defense based on the numerous vexatious litigant orders filed against plaintiff by district courts in other districts (*see* ECF No. 94); and (3) a motion for continuance of the February 22,

DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

1   2016 scheduling conference (*see* ECF No. 92).

2       *Motion for Leave*.  Assuming for the moment that this action was properly

3   filed[1], Plaintiff does not need leave to file a summary judgment motion.  Defendants

4   therefore do not oppose Plaintiff's Motion for Leave, although Plaintiff's

5   substantive arguments in the motion make it clear that Plaintiff's motion for

6   summary judgment will be frivolous.  Alternatively, in the event the Court construes

7   the Motion for Leave as a motion for partial summary judgment[2], the Court should

8   deny the motion on the ground that Plaintiff failed to comply with the Local Rules.

9   If this Court grants Plaintiff leave to file a motion for partial summary judgment,

10  Defendants request that the Court set hearing on Plaintiff's motion sufficiently in the

11  future to allow Defendants to prepare and file their motion for judgment on the

12  pleadings, which Defendants believe will result in judgment for Defendants on all of

13  Plaintiff's claims.

14      *Motion to Strike*.  Plaintiff's Motion to Strike should be denied.  Plaintiff asks

15  this Court to strike Defendants' Amended Answers and issue sanctions based upon

16  Defendants' assertion of an affirmative defense referencing the numerous vexatious

17  litigant orders that have been issued against Plaintiff.  Plaintiff does not, however,

18  offer any legal reason why Defendants' affirmative defense should be stricken, let

19  alone why Defendants should be sanctioned for calling Plaintiff's vexatious litigant

20  orders to this Court's attention.

21      *Motion for Continuance*.  Finally, Defendants do not oppose Plaintiffs'

22  Motion for Continuance to the extent it requests that the scheduling conference be

---

23  [1] Defendants believe this action was improperly filed in the Central District of

24  California in an effort to circumvent vexatious litigant orders entered against
    Plaintiff by other courts.  Defendants reserve their right to assert the vexatious

25  litigant orders as a basis for dismissal in their motion for judgment on the pleadings.

26  [2] The Motion for Leave is somewhat ambiguous with respect to whether it was

27  intended to constitute Plaintiff's motion for partial summary judgment, as it includes

28  substantive arguments better addressed to summary judgment.

continued from Monday, February 22, 2016 at 9:00 a.m. to Monday, March 28, 2016 at 9:00 a.m.  Indeed, the parties have previously submitted a stipulation agreeing to this date.  (*See* ECF No. 98.)

## II.    BACKGROUND

### A.    *Plaintiff's Long History as a Vexatious Litigant*

Plaintiff is a well-known vexatious litigant.  *See, e.g.*, *Whitehead v. Paramount Pictures Corp.* ("*Paramount I*") 145 F.Supp.2d 3, 4 (D.D.C. 2001) (describing Plaintiff's history as a vexatious litigant and noting that, in the preceding eight years, Plaintiff had filed no fewer than twenty-three actions); *Whitehead v. Wickham*, No. 05-CA-3346, 2005 WL 2874975, at *1 (D.C. Super. Ct. Sept. 6, 2005) (recognizing Plaintiff's "long history of filing vexatious, harassing, and duplicative lawsuits . . . throughout the country").  Cataloging all of Plaintiff's actions in state and federal court is difficult, but a PACER search of federal court dockets reveals that, as of January 1, 2016, Plaintiff has filed fifty-eight federal cases including six cases in the Central District of California.  Declaration of Cameron J. Johnson ("Johnson Decl."), ¶ 2.[3]  In these actions, Plaintiff routinely names dozens of defendants, including media and entertainment companies, lawyers, and celebrities, and accuses them of having infringed copyrighted works belonging to Plaintiff.  *See, e.g.*, *Whitehead v. Paramount Pictures Corp.* ("*Paramount II*"), No. 1:08CV792(AJT/TRJ), 2009 WL 1491402, at *1 (E.D. Va. May 26, 2009); *Wickham*, 2005 WL 2874975, at *1.  Defendants are unaware of a single instance in which Plaintiff's allegations have been found to be substantiated.[4]

---

[3] Counsel considered a case as being filed by Plaintiff if the case was filed by: (1) "David Louis Whitehead," or (2) "David L. Whitehead" and (i) the plaintiff's address was 1906 Scott St., Bossier, LA 71111, or (ii) the defendants were media companies or government officials, such as the Director of the CIA.

[4] *See Paramount I*, 145 F.Supp.2d at 3-4 ("Every one of Mr. Whitehead's suits has been dismissed or resolved in defendants' favor."); *see also Whitehead v. White &*

-3-                    Case No. 15-CV-3564 RGK (AGRx)

1   Indeed, even Plaintiff seems to acknowledge as much. (*See* Plaintiff's 9(b) RICO

2   Case Statement, ECF No. 7 ("Case Statement") at 1-5 (stating that "[o]ver 50 US

3   judges have ruled against the plaintiff . . . ." and recounting the history of adverse

4   rulings).)

5        Plaintiff has been declared a vexatious litigant on at least five occasions, and

6   courts have issued orders prohibiting him from commencing new actions or filing

7   new documents in pending actions without first obtaining permission from the court.

8   *See W&C*, ECF No. 45 (ordering the "Clerk of Court . . . to decline any civil

9   complaint submitted by [Plaintiff] unless the complaint has been presented first to a

10  district judge of [the] court"); *Paramount II*, 2009 WL 1491402, at *4 (enjoining

11  Plaintiff "from filing any new civil actions in the Eastern District of Virginia and

12  from filing any new motions, papers or requests for relief in any civil actions

13  currently pending in the Eastern District of Virginia without seeking and obtaining

14  court approval"); *Whitehead v. Friedman*, No. 02-1630 (RWR), ECF No. 48

15  (D.D.C. Sept. 8, 2003) (barring Plaintiff "from commencing any action in this court

16  without first obtaining leave of the court"); *Whitehead v. Viacom*, No. CIV.A. DKC

17  2002-1899, ECF No. 79 (D. Md. Nov. 15, 2002) (directing that the court "shall no

18  longer accept for filing anything submitted by Plaintiff . . . in this case or any other

19  case as therein set forth"); *Wickham*, 2005 WL 2874975, at *5 (ordering that the

20  "Civil Clerk's Office shall not accept for filing anything submitted by [P]laintiff . . .

21  for any new cases" unless Plaintiff obtains leave of court).

22

23

24  ────────────

    *Case, LLP* ("*W&C*"), No. 12-cv-0399, ECF No. 45 (W.D. La. May 16, 2012)

25  (dismissing claims for failure to state a claim); *Whitehead v. Paramount Pictures

26  Corp.* ("*Paramount III*"), 53 F.Supp.2d 38, 54 (D.D.C. 1999) (holding that

    Plaintiff's claims were "patently frivolous" and "objectively unreasonable" and

27  dismissing claims); *Paramount I*, 145 F.Supp.2d at 3 (collecting cases in which

28  Plaintiff's claims were dismissed).

CALDWELL
LESLIE &
PROCTOR
                                          -4-              Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS: (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

## B.    Plaintiff's Allegations in the Instant Action

Plaintiff filed the instant action on June 16, 2015.  (ECF No. 6 ("Complaint" or "Compl.").)  Plaintiff's Complaint comprises 120 paragraphs, alleges eighteen causes of action, and attaches twenty-eight exhibits.  (*Id.*)  Plaintiff initially named eighteen Defendants, including Paramount, SPE, and Viacom, as well as companies and individuals as diverse as Chipotle, Apple Inc., Comcast, Inc., Oprah Winfrey, and Tom Cruise.  (*Id.*)  All of these Defendants, except Paramount, SPE, and Viacom, were dismissed due to Plaintiff's failure to serve them.  (ECF No. 84.)

The gravamen of Plaintiffs' claims is that Defendants "engaged in fraud" and "conspir[ed] to massively infringe and steal [P]laintiff's copyrighted works" *The Rise Fall & Rise of a Mayor* ("*The Mayor*") (which appears to recount the life of former District of Columbia mayor Marion Barry, *see* ECF No. 90, Ex. B)[5] and *Michael Jackson and the Ghost of Ben* (Compl., ¶ 99; *see also id.*, ¶¶ 13-15, 104.)[6] and incorporate them into the feature films *Lee Daniels' The Butler* and *Selma*, and a Chipotle commercial called *The Scarecrow*.  (*Id.*, ¶¶ 14-15, 26.)  As support for his contention that his works were infringed, Plaintiff notes the presence of certain non-protectable historical figures in both works, and lists a number of other

---

[5] It is not clear that the excerpts of *The Mayor* Plaintiff provided with his Motion for Leave are actually excerpts from his copyrighted work of the same name.  The cover page of the excerpts states that the work is copyrighted "1996-*2013*," ECF No. 90, Ex. B at 1 (emphasis added), but the copyright registration attached to the Complaint states that the work was registered in 1998, *see* Compl., Ex. 2.  Adding further uncertainty, Plaintiff recently emailed counsel claiming that he erroneously attached the wrong registration to his Complaint and seeking permission to file a different registration in support of his Complaint (which counsel declined to grant as having to obtain a new work from the Copyright Office would further delay Defendants' motion for judgment on the pleadings).  (Johnson Decl., ¶¶ 7-8 & Exs. B & C.)  For the purposes of resolving the instant Motion for Leave, Defendants accept that the excerpts are excerpts of the actual copyrighted work.

[6] Complaint paragraphs after paragraph 44 have been numbed in ECF No. 79-1 (Ex. A to Paramount's First Amended Answer to Complaint).

CALDWELL
LESLIE &
PROCTOR

-5-                                        Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

1    superficial, nonsensical, and, in some cases, non-existent similarities.  (*See, e.g.*, *id.*,

2    ¶ 20 (alleging that former Defendant Oprah Winfrey, who stars as Gaines' wife

3    Gloria in *The Butler*, "is worry (sic) about her husband the White House servant,

4    and she does not wish to have sex or romance with Terrence Howard as the

5    character named Howard" and that the "female character in plaintiff's work [*The*

6    *Mayor*] tell (sic) male character that the sex isn't working, and that she's worried

7    about her mayor, Marion S. Barry, who was in trouble"); *id.*, ¶ 23 (alleging that

8    *Selma* is similar to his work because *The Mayor* includes "depictions of scenes of

9    Dr. Martin Luther King, Jr." and Dr. King was "[t]he principal character" in

10   *Selma*).)

11          **C.    Defendants Answer and Attempt to Obtain Deposit Copies of**

12                  **Plaintiff's Works So Defendants Can Move for Dismissal**

13          Paramount filed its Answer on November 13, 2015.  (ECF No. 54.)  SPE and

14   Viacom filed their Answers on November 23, 2015.  (ECF Nos. 61, 64.)  The

15   following day, on November 24, 2015, Defendants requested deposit copies of

16   Plaintiff's works from the United States Copyright Office.  (Johnson Decl., ¶ 3. Ex.

17   A.)  The Copyright Office has estimated that Defendants will receive the deposit

18   copies in early to mid-February.  (*Id.*, ¶ 4.)  Defendants intend to file motion for

19   judgment on the pleadings once they receive the requested works.  (*Id.*, ¶ 5.)

20          **D.    Defendants Amended Answers and Defendants' Affirmative Defense**

21                  **Based on the Vexatious Litigant Orders**

22          On December 4, 2015, Defendants each filed Amended Answers to the

23   Complaint.  In the Amended Answers, Defendants asserted a new affirmative

24   defense based on the numerous Vexatious Litigant Orders entered against Plaintiff,

25   referencing the orders entered in the United States District Courts for the Western

26   District of Louisiana, the Eastern District of Virginia, the District of Maryland, and

27   the District of Columbia, and the Superior Court for the District of Columbia.

28   (ECF No. 79 at 22-23.)

CALDWELL
LESLIE &
PROCTOR

Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

### E. Plaintiff's Vexatious Motion Practice

Since instituting this action, Plaintiff has filed approximately twenty-eight motions. These motions have sought a range of relief including recusal of the court, extensions of time, transfer of the case, and partial summary judgment. (*See, e.g.*, ECF Nos. 17, 22, 23, 32, 43.) Of the twenty-five motions that have been decided, all except three early administrative motions (*see* ECF Nos. 2, 4, 10) have either been denied outright or ordered not to be filed based on Plaintiff's failure to comply with the local rules. Plaintiff filed his Motion for Leave, Motion to Strike, and Motion for Continuance on December 28, 2015.

## III. PLAINTIFF'S MOTION FOR LEAVE

### A. Plaintiff is Not Required to Seek Leave to File a Motion for Partial Summary Judgment

To the extent Plaintiff simply seeks leave to *file* a motion for partial summary judgment, Defendants do not oppose his request.[7] Defendants note, however, that Plaintiff's substantive arguments, as previewed in the Motion for Leave, are frivolous. Defendants therefore respectfully request that this Court set hearing on Plaintiff's motion for partial summary judgment for no earlier than March 28, 2016, in order to give the Copyright Office sufficient time to respond to Defendants' pending request for copies of Plaintiff's works, and to give Defendants sufficient time to prepare their motion for judgment on the pleadings, which Defendants will resolve all of Plaintiffs' claims as a matter of law[8]

---

[7] Plaintiff's Motion for Leave additionally requests that the Court order the Parties to attend mediation. (ECF No. 90 at 1.) As Plaintiff's claims are frivolous, and coupled with Plaintiff's long history of vexatious conduct, Defendants respectfully oppose Plaintiff's request.

[8] While Plaintiff seeks leave to file his motion for partial summary judgment "pending completion of discovery" (*Id.* at 1), it is not clear what Plaintiff means by "pending completion of discovery," or what "discovery" Plaintiff needs to support *his own motion*.

CALDWELL LESLIE & PROCTOR

-7-                    Case No. 15-CV-3564 RGK (AGRx)

DEFENDANTS' RESPONSES TO MOTIONS: (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

Alternatively, in the event the Court construes the Motion for Leave as a motion for partial summary judgment, this Court should deny the motion on the ground that Plaintiff failed to comply with the Local Rules applicable to summary judgment motions.  Among other things, Plaintiff failed properly to meet and confer pursuant to Local Rule 7-3 (Johnson Decl., ¶ 6), failed to lodge a "Statement of Uncontroverted Facts and Conclusions of Law" as required by Local Rule 56-1, and, most important, failed to attach a complete copy of his work *The Mayor* or copies of the allegedly infringing works to his affidavit.  As a result, Plaintiff has not submitted the evidence necessary for the Court to evaluate his infringement claim or conclude that the works are substantially similar.[9]  These failures, alone, warrant denial of Plaintiff's motion.  *See, e.g.*, ECF No. 48 (denying Plaintiff's previous motion for partial summary judgment based in part on Plaintiff's failure to "introduce[] any evidence" supporting his fraud claim); *McInteer v. Ashley Distrib. Servs., Ltd.*, 40 F.Supp.3d 1269, 1274 (C.D. Cal. 2014) (providing that, when the moving party bears the burden of proof at trial, it "must present compelling evidence in order to obtain summary judgment in its favor"); *Hupp v. San Diego Cty.*, No. 12CV0492-GPC-RBB, 2014 WL 3573337, at *10 (S.D. Cal. July 21, 2014) (noting that even a pro se plaintiff "must still follow the rules of the court in which he litigates"); *Hart v. PAE Gov't Servs. Inc.*, No. 2:10-CV-1672-KJM-EFB, 2012 WL 2090471, at *10 n.19 (E.D. Cal. June 8, 2012) (citing plaintiff's "failure to comply

---

[9] Among other things, Plaintiff fails to offer any facts showing that there was a "a reasonable possibility" that Defendants had the opportunity to view Plaintiff's works, *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009), and fails to supply the Court with evidence upon which the Court could find that Plaintiff's works are substantially similar in protectable expression to either the feature films *The Butler* or *Selma* or the Chipotle commercial, *Scarecrow*.  *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997) ("'Substantial similarity' refers to similarity of expression, not merely similarity of ideas or concepts.").

CALDWELL
LESLIE &
PROCTOR

-8-                        Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

1  with [the] court's earlier orders, Local Rules, and the Federal Rules of Civil

2  Procedure" as a basis for denying motion for summary judgment).[10]

3  ## IV.   PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED

4        In his Motion to Strike, Plaintiff asks this Court to strike Defendants'

5  Amended Answers, and in particular, Defendants' Fourteenth Affirmative Defense,

6  which references Plaintiffs' vexatious litigant orders, on the ground that the contain

7  "extraneous materials" and thereby "prejudice[]" him.  (ECF No. 94 at 4.)

8        Under Federal Rule of Civil Procedure 12(f), a court may strike any

9  "insufficient defense or any redundant, immaterial, impertinent, or scandalous

10 matter."  Motions to strike are, however, disfavored and "should not be granted

11 unless it is clear that the matter to be stricken could have no possible bearing on the

12 subject matter of the litigation."  *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp.

13 1335, 1339 (N.D. Cal. 1991).  That Plaintiff has been declared a vexatious litigant

14 on multiple occasions, for filing complaints much like the complaint he filed here, is

15 *highly* relevant to the subject matter of this litigation, and Plaintiff thus fails to

16 establish any reason why Defendants' Fourteenth Affirmative Defense should be

17 stricken.  Plaintiff also fails to show that the defenses asserted in Defendants'

18 answers are not "warranted by existing law or by a nonfrivolous argument for

19 extending . . . existing law or for establishing new law."  *See* Fed. R. Civ. Proc. 11,

20 or were asserted in bad faith, *see Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d

21 644, 648 (9th Cir. 1997) (holding that, in order for a court to award "sanctions under

22 its inherent powers . . . , the court must make an explicit finding that counsel's

23 conduct 'constituted or was tantamount to bad faith'") (citation omitted).  To the

24 contrary, it is entirely reasonable to assert the numerous vexatious litigant orders

25 _____

26 [10] If the Court does construe the Motion for Leave as a motion for partial summary
   judgment and does not deny the motion on the basis of the issues cited above,
27 Defendants should be permitted leave to file an opposition addressing Plaintiff's
28 substantive arguments.

CALDWELL
LESLIE &
PROCTOR

-9-                      Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

1  entered against Plaintiff as a basis for dismissal.  *See In re Fillbach*, 223 F.3d 1089,

2  1091 (9th Cir. 2000) (observing that, where plaintiff files in one district court "to

3  avoid a vexatious litigant order in another, it is clear that a district court has

4  authority to dismiss for that reason in appropriate circumstances.").  Plaintiff's

5  request for sanctions should therefore be denied.

6  **V.    PLAINTIFF'S MOTION FOR CONTINUANCE**

7          Plaintiff's Motion for Continuance requests that the scheduling conference in

8  this matter be continued from February 22, 2016 until March 28, 2016.  (ECF No.

9  92 at 2.)  Defendants do not oppose this request.  Although it is unclear, the motion

10 also appears to request that the Court permit the Parties confer telephonically rather

11 than in person when preparing their joint statement for the upcoming schedule.  (*Id.*)

12 Defendants do not oppose this request and, indeed, have already stipulated to the

13 March 28 date Plaintiff requested.  (ECF No. 98.)

14 **VI.   CONCLUSION**

15         For the reasons set forth above, Defendants do not oppose Plaintiffs' Motion

16 for Leave, although Defendants believe any motion for partial summary judgment

17 that Plaintiff files will be frivolous.  If the Court does grant Plaintiff leave to file a

18 motion for partial summary judgment, Defendants respectfully request that the

19 Court order that:  (1) Plaintiff's motion for partial summary judgment be served by

20 February 24, 2016 and set for hearing on Monday, March 28, 2016; (2) Defendants'

21 opposition be due on March 14, 2016; and (3) Plaintiffs' reply be due on March 21,

22 2016.  As to Plaintiff's Motion for Leave, for the reasons set forth above,

23 Defendants respectfully request that the Court deny the motion.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

CALDWELL
LESLIE &
PROCTOR
-10-
Case No. 15-CV-3564 RGK (AGRx)
DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE

1  Finally, Defendants do not oppose Plaintiff's Motion for a Continuance to the extent

2  it requests that the scheduling conference in this matter be continued until March 28,

3  2016.

4

5  DATED:  January 15, 2016          CALDWELL LESLIE & PROCTOR, PC

6                                    LINDA M. BURROW
                                     CAMERON J. JOHNSON
7

8                                    By _____/s/_____
                                           LINDA M. BURROW
9                                    Attorneys for Defendants PARAMOUNT
                                     PICTURES CORPORATION, SONY
10                                   PICTURES ENTERTAINMENT INC., and
                                     VIACOM INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

-11-                             Case No. 15-CV-3564 RGK (AGRx)

DEFENDANTS' RESPONSES TO MOTIONS:  (1) FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY
JUDGMENT; (2) TO STRIKE AND REQUEST FOR SANCTIONS; AND (3) FOR CONTINUANCE