CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  *burrow@caldwell-leslie.com*
CAMERON J. JOHNSON, State Bar No. 266729
  *cjohnson@caldwell-leslie.com*
FEIFEI B. JIANG, State Bar No. 301716
  *jiang@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants PARAMOUNT PICTURES CORPORATION, SONY PICTURES ENTERTAINMENT INC., and VIACOM INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DAVID L. WHITEHEAD,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIUM FILMS; VERIZON INC.; PARAMOUNT PICTURES; VIACOM; 20TH CENTURY FOX FILM; OPRAH WINFREY; TOM CRUISE; PAULA WAGNER; DAN SNYDER; JP MORGAN; COMCAST INC.; SONY; MOONBOT STUDIOS; CHIPOTLE MEXICAN GRILL; APPLE INC.; SHEILA C. JOHNSON; HARVEY WEINSTEIN; THE WEINSTEIN COMPANY; COLONEL J. GEORGE & S. SALOOM HANNIE COMMUNITY HOME, INC. and UNKNOWN OFFICERS; SOCKRIDER, BOLIN, ANGLIN & BATTE PLC; and UNKNOWN DOES 1-50,<br><br>Defendants. | Case No. 15-CV-3564 RGK (AGRx)<br><br>**JOINT SCHEDULING CONFERENCE STATEMENT AND RULE 26(F) REPORT**<br><br>**Date:** February 22, 2016<br>**Time:** 9:00 a.m.<br>**Crtrm.:** 850<br><br>The Honorable R. Gary Klausner |

Defendants Paramount Pictures Corporation, Sony Pictures Entertainment Inc., and Viacom Inc. (collectively, "Defendants") and Plaintiff David L. Whitehead ("Plaintiff") submit this statement and report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Standing Order. This Report follows the Parties' Rule 26(f)(1) conference on February 1, 2016.

## DEFENDANTS' POSITIONS

Plaintiff declined to participate in the preparation of a joint report, but instead provided "Plaintiff's Joint Scheduling Conference Statement and Rule 26(F) Report As An Attachment to Defendant's Statement," which is attached hereto as Exhibit "A." Defendants' positions are set forth below.

### I. NATURE OF THE CASE

Plaintiff is a vexatious litigant. He has, for years, made a practice of filing frivolous legal actions in numerous jurisdictions across the country in which he accuses dozens of defendants, including movie studios, lawyers, celebrities, and judges of conspiring to infringe his copyrighted works. This action is no different. Plaintiff alleges that numerous companies including Defendants, and individuals including celebrities Oprah Winfrey and Tom Cruise, somehow infringed his copyrighted works *The Rise Fall & Rise of a Mayor* and *Michael Jackson and the Ghost of Ben* (collectively, the "Works") through their involvement in the films *Selma* and *Lee Daniel's The Butler*, and, as alleged in Plaintiff's recently filed proposed Amended Complaint (*see* ECF No. 105), *This Is It*. Plaintiff's complaint—and each cause of action asserted therein—is meritless. After a two month wait, Defendants recently received copies of Plaintiff's Works from the Copyright Office and intend shortly to file a motion for judgment on the pleadings asking this Court to dismiss, with prejudice, each of Plaintiff's claims for relief.

## II.     RULE 26(F) TOPICS

### *A.     Initial Disclosures*

Plaintiff is a well-known vexatious litigant and Plaintiff's claims are frivolous.  Defendants intend to file a motion for judgment on the pleadings seeking dismissal of his claims.  Accordingly, Defendants believe initial disclosures are premature and object to having to make such disclosures until after Defendants' dispositive motion has been decided.

### *B.     Subjects on Which Discovery May Be Needed*

Because Plaintiff's claims are frivolous, Defendants believe it would be premature to agree upon a discovery plan.  Defendants therefore request that discovery be stayed pending the resolution of their upcoming motion for judgment on the pleadings.

Should the Court decline to stay discovery or should Plaintiff's claims be allowed to proceed on the merits, Defendants anticipate conducting discovery on all of the claims alleged in Plaintiff's Complaint (ECF No. 1) and the defenses raised in Defendants' Amended Answers (ECF Nos. 79, 80, 81) and Responses to Plaintiff's Rule 9(b) Statement (ECF Nos. 55, 62, 65).  Defendants anticipate that discovery will include requests for documents, requests for admission, interrogatories, and one or more depositions.

### *C.     Electronically Stored Information*

Defendants do not currently foresee any issues about disclosure, discovery, or preservation of electronically stored information.

### *D.     Issues Relating to Claims of Privilege or Protection as Trial-Preparation Material*

Defendants are not aware of any unusual issues relating to claims of privilege or protection as trial preparation material that require an agreement of the Parties or an order of the Court.

1  Defendants propose that privileged materials generated after the filing of the
2  initial Complaint need not be listed on any privilege log.  Defendants intend to
3  assert any and all applicable privileges.

4  *E.   Limitations on Discovery*

5  Subject to Defendants' request that discovery be stayed pending the
6  resolution of Defendants' anticipated motion for judgment on the pleadings,
7  Defendants do not currently believe that there is any reason to alter or deviate from
8  the normal limitations on discovery.

9  Plaintiff has requested permission to conduct depositions of ten (10)
10 witnesses and proposes that each Defendant be limited to twenty-five (25)
11 interrogatories.  To the extent this Court allows discovery to go forward, and to the
12 extent these these requests conform to the limits set forth in Federal Rules of Civil
13 Procedure 30(a)(2)(A)(i) and 33(a)(1), Defendants have no objection to Plaintiff's
14 proposed limits.  To the extent Plaintiff seeks to alter the normal limitations set forth
15 in the Federal Rules, Defendants object.  Defendants also reserve their right to seek
16 a protective order if any of Plaintiff's discovery requests, including Plaintiff's
17 interrogatories or requests for depositions, are unduly burdensome or otherwise
18 objectionable.

19 *F.   Other Orders*

20 If discovery is allowed to proceed and Defendants are required to produce
21 documents, Defendants anticipate that they will request, either through a stipulation
22 or motion, that the Court enter a protective order regarding the production of their
23 confidential information.  The Parties do not currently anticipate the need for any
24 other orders under Federal Rule of Civil Procedure 16(b), 16(c), or 26(c).

25
26
27
28

## III. ADDITIONAL MATTERS SET FORTH IN LOCAL RULE 26-1

### A. *Complex Cases*

Defendants believe that this case should not involve highly technical or other complex matters that would require the utilization of all or part of the procedures of the Manual for Complex Litigation.

### B. *Dispositive Motions*

If Defendants' anticipated motion for judgment on the pleadings does not dispose of the case in its entirety, Defendants anticipate filing motions for summary judgment.

### C. *ADR*

Plaintiff is a well-known vexatious litigant and Plaintiff's claims are frivolous. Defendants are thus not amenable to any form of ADR.

### D. *Trial Estimate*

Defendants estimate that a jury trial in this matter will take no more than five (5) court days.

### E. *Additional Parties*

Plaintiff has filed two motions seeking leave to amend the Complaint to include additional parties including, *inter alia*, the Oprah Winfrey Network, Cirque due Soleil, Lee Daniels, and, most recently, iTunes. (ECF Nos. 105, 112.) In the spirit of civility, Defendants do not oppose Plaintiff's first seeking leave to amend. Defendants, however, intend to oppose Plaintiff's second motion, which not only seeks leave to add iTunes as a defendant but also leave to assert additional claims based on works not identified in the Complaint, including the feature films *Forrest Gump* and *Mission Impossible* and Plaintiff's work *Brains, Sex, & Racism in the CIA And The Escape*. (ECF No. 112 at 8.) Plaintiff asserts these new works in a blatant attempt to delay Defendants' ability to move for judgment on the pleadings by causing Defendants to have to address additional works, and, more important, to have to restart the months-long process of obtaining Plaintiff's newly identified

work *Brains, Sex, & Racism in the CIA And The Escape* from the Copyright Office.[1] Indeed, Plaintiff's intent to delay Defendants' motion is evident from the fact that, thus far, he has refused to produce complete copies of any of his Works.[2]

### IV.   PROPOSED SCHEDULE

Defendants propose that the Court decline to set a case schedule until after a decision on Defendants' motion for judgment on the pleadings. In the event the Court elects to set a schedule, Defendants propose the following:

| Event | Date |
| --- | --- |
| Last Day to Amend Pleadings or Add Parties | March 21, 2016 |
| Close of Fact Discovery | August 5, 2016 |
| Last Day for Initial Expert Disclosures and Reports | August 19, 2016 |
| Last Day for Rebuttal Expert Disclosures and Reports | September 2, 2016 |
| Last Day for Supplemental Expert Disclosures and Reports | September 16, 2016 |
| Close of Expert Discovery | September 30, 2016 |
| Last Day to File Dispositive Motions | October 28, 2016 |

---

[1] Notably, Plaintiff's claim that *Mission Impossible* is substantially similar to *Brains, Sex, & Racism in the CIA And The Escape* has already considered and thoroughly rejected by at least one court. *See Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38, 52, 54 (D.D.C. 1999) (concluding that Plaintiff's claims were "patently frivolous" and "objectively unreasonable").

[2] Plaintiff's first motion for leave to amend also asserted a new work, specifically, the screenplay version of *The Rise Fall & Rise of a Mayor*. (*See* ECF No. 105 at 11 (asserting claims based on newly identified work registered as PAu3-039-708); ECF No. 102 at 2 (explaining that PAu3-039-708 is "the screenplay version of" *The Rise Fall & Rise of a Mayor*).) Plaintiff, however, previously attached excerpts of a work that is labeled as the "[s]creenplay" for *The Rise Fall & Rise of a Mayor* to his Motion for Leave to Amend to File Motion for Partial Summary Judgment. (ECF No. 90, Ex. B.) Defendants intend to rely on these excerpts in their motion for judgment on the pleadings so as not to further delay the motion. In an abundance of caution, Defendants also requested the deposit copy for PAu3-039-708 on February 4, 2015, shortly after the first motion for leave to amend was filed.

| Event | Date |
|---|---|
| Last Day for Mandatory Settlement Conference | December 16, 2016 |
| Last Day to File Memoranda of Contentions of Fact and Law, Witness List and Exhibit List | January 9, 2017 |
| Last Day to File Motions *in Limine* | January 13, 2017 |
| Last Day to File [Proposed] Jury Instructions | January 23, 2017 |
| Final Pretrial Conference | January 30, 2017 at 9:00 a.m. |
| Trial Date | February 27, 2017 at 9:00 a.m. |

DATED: February 15, 2016

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
CAMERON J. JOHNSON
FEIFEI B. JIANG


By      /s/
    LINDA M. BURROW
Attorneys for Defendants PARAMOUNT PICTURES CORPORATION, SONY PICTURES ENTERTAINMENT INC., and VIACOM INC.