# EXHIBIT A

David Louis Whitehead, pro se

1906 Scott St. Bossier, Louisiana, 71111

Email addresses:

Daouddavidlouis@yahoo.com

Daouddavidlouis@hotmail.com

DLWhitehead@wileyc.edu

Cell: 318-820-5029

No. Facsimile number

UNITED STATES DISTRICT COURT

FOR CENTRAL DISTRICT OF CALIFORNIA

DAVID L. WHITEHEAD,

    PLAINTIFF,

V.                    No. 15-CV-3564 RGK (AGRx)

MILLENNIUM FILMS, ET AL.,

    DEFENDANTS.

PLAINTIFF'S JOINT SCHEDULING CONFERENCE STATEMENT AND RULE 26 (F) REPORT AS AN ATTACHMENT TO DEFENDANT'S STATEMENT.

Plaintiff David L. Whitehead representing himself Pro Se, moves this honorable court with his "PLAINTIFF'S JOINT SCHEDULING CONFERENCE STATEMENT AND RULE 26 (F) REPORT AS AN ATTACHMENT TO DEFENDANT'S STATEMENT" pursuant to Federal Rule of Civil Procedure 26 (f), Local Rule 26-1, and this Court's Standing Order.  This Report follows the Parties Rule 26 (f) (1) conference on February 1, 2016.

I.      **Nature of the Case**

    **B. Plaintiff's Position:**

Plaintiff alleges that Defendants have massively infringed many of his copyrights (works) registered with the Library of Congress, involving many of the same defendants and individuals as part to retaliation for his CIA employment and Conspiracy RICO pursuant to Rule 9 B Fraud.

Plaintiff alleges in his complaint the the films: "This is It", "The Butler, Selma are based on his copyrighted works: "Michael Jackson and The Ghost of Ben", "The Rise Fall & Rise of a Mayor", and that a commercial "Scarecrow" is also based on plaintiff's work on Michael Jackson. In the plaintiff's amended complaint and supplements for additional defendants and claims, plaintiff states that the films: "Mission:Impossible" and "Forrest Gump" are also based on plaintiff's copyrighted works: "Brains, Sex, & Racism In the CIA And The Escape". The song lyrics for the song "Glory" in "Selma" is part to this case. Plaintiff believes and assert that discovery should be allowed in this case based on copyright infringement: Copyright certificates, Access and Substantial Similarity and Striking Similarity doctrine relating to copyright infringement. Moreover, plaintiff can prove judicial fraud on the court relating to his filed 9B Fraud statement and responses by the parties. Plaintiff also believes and assert that there are other infringement of his copyrights, and reserves the right to amend his complaint after the completion of this case.

In addition, Plaintiff believes and assert that the films and scripts: "The Butler", "Selma", "This is It," "Mission:Impossible" and "Forrest Gump" are needed to show the court copying of the plaintiff's copyrights by the defendants. Plaintiff requests song lyrics for "Glory" in film "Selma". There is substantial and Striking similarity relating to plaintiff's allegations within his complaint, amended complaint and supplements to be added to the case. Defendants are relying on previous rulings and litigations involving the plaintiff, however, plaintiff can prove without any dispute of serious fraud on the courts by officers of the court, which entitles him for relief, pursuant to the inequity doctrine, that those judgments cannot be enforced due to the serious fraud on the court.

Defendants chose to file tainted and fraudulent answers and amended answers, misrepresenting the facts as a response to the plaintiff's initial complaint. Plaintiff states that judgment on the pleadings if allowed should go towards the plaintiff's favor because the defendants failed to respond properly and did not refute the plaintiff's factual allegations within his emergency motion for partial summary judgment. Further Plaintiff states that defendants have already filed responses to plaintiff's motion to strike and partial motion for summary judgment, and should not be allowed to file other responses to summary judgment or motion to strike pleadings. On Access, defendants already had the plaintiff's scripts and CIA book, fraudulently requested copies of the same scripts from the Library of Congress (LOC) as a scheme and "red herring". Therefore, there is no delay allowing plaintiff's amended complaint, added claims and defendants. Defendants committed fraud giving the court discretion to rule in his favor. Further, Plaintiff's amended complaint alleges conspiracy, Rico, Fraud claims pertaining to judicial rulings in the State of Louisiana and other courts involving the same defendants. Associates of defendants are connected to Judges involved with JP Morgan, Bank of America, Sony, Viacom, Paramount Pictures, Judge Paul L. Friedman, White & Case LLP, Wallpark LLC and others.

## II. Rule 26 (F) Topics:
### A. Initial Disclosures.
### 2. Plaintiff Position

Plaintiff states that defendants have been massively infringing his copyrights; abd therefore, in the above captioned case, Plaintiff requests copies of the defendants final shooting scripts and film dvds for "The Butler", "This is It", "Mission:Impossible", "Selma", "Forrest Gump" and commercial "Scarecrow". This is not an overburdensome request for materials to be compared for judgment. Plaintiff has motion for summary judgment pending requesting discovery for the above scripts and film dvds to show the court substantial and striking similarity between the works.

**B. Subjects on which Discovery may be needed:**

**2. Plaintiff**

Plaintiff states that discovery should be had and/or allowed based on scheduling conference. Defendants have already filed responses to plaintiff's motion to strike and partial summary judgment, waving their rights. Should the court allow discovery on all of the claims and amended claims, and other adverse parties will be included with no delay. Sony, Viacom and Paramount Pictures are part to plaintiff's amended complaint and supplemental claims. I-Tunes is one of the distributed and producer for the Scarecrow commercial. Serving added defendants connected to Sony, Viacom and Paramount Pictures will not be a delay in a consolidated trial. The same Selma and The Butler defendants Sony, Viacom, and Paramount Pictures are associated with "Mission:Impossible", "Forrest Gump" and "This is It". Defendants consent to Plaintiff's amended complaint which be allowed into the record, including his supplemental pleadings with additional claims and defendants, including

I-Tunes. The Jackson Estate and officers and AEG Live are associated with Sony and Viacom and Paramount Picture on "This is It" rehearsal film production allegedly based on plaintiff's work on Michael Jackson. Moreover, Plaintiff has requested the court to strike defendants amended answers based on fraud and misrepresentation. Plaintiff also states that discovery will include requests for documents (scripts, dvds, notes etc.) Plaintiff requests for admission, Interrogatories (25) per defendant, and one or more depositions. Plaintiff has listed 10 or more defendants, including Iyanla Vanzant, Tom Cruise, Oprah Winfrey, Harvey Weinstein, Daniel Snyder, plaintiff, Nina Shaw, Charles Burnett and his agent, Lee Daniel, and other writers and producers and staff members for the defendants in the complaint, amended complaint and supplemental pleadings requesting additional claims and defendants, including

I-Tunes.

### C. Electronically Store Information.

### 2. Plaintiff

Plaintiff states contrary to defendants' statement plaintiff reserves the right to obtain any electronically stored information relating to and supporting plaintiff's evidence involving the case.

### D. Issues Relating to Claims of Privilege or Protection as Trial-Preparation Material

### 2. Plaintiff:

Plaintiff reserves the right to all and/or any privilege material generated before and/or after the complaint or amendments.

### E. Limitations in Discovery

### 2. Plaintiff

Plaintiff opposes staying discovery pertaining to the films: Selma, The Butler, This is It". Plaintiff reserves the right to oppose staying discovery involving added defendants named in his First amended complaint and supplemental pleadings, request adding I-Tunes as a defendant. Plaintiff has requested permission for 10 or more witnesses pending the court's ruling on his amended complaint and added defendant I-Tunes and claims for "Mission:Impossible" and "Forrest Gump".

Plaintiff opposes defendants requests for a protective order relating to discovery requests.

### F. Other Orders

### 2. Plaintiff

Plaintiff objects to any protective order relating to production of document requests. Plaintiff reserves the right to engage any order under Federal Rule of Civil Procedure 16 (b) 16 (c), or 26 (c).

### III. Additional Matters Set Forth In Local Rules 26-1

A. **Complex cases:**

**2. Plaintiff** Plaintiff reserves the right to utilize all or part of the procedures of the manual for complex litigation. In addition, Plaintiff states that there would be no delay due to the fact that defendants have had access to all of plaintiff's copyrighted works in question in this litigation as follows: Brains, Sex, & Racism In the CIA And The Escape, The Rise Fall & Rise of A Mayor, and Michael Jackson and The Ghost of Ben. Defendants strategy involves schemes of fraud, misrepresentation and attempts to persuade the court through "red herrings" type of litigation schemes, which affords the court to allow plaintiff's the right to pursue his claims involving fraud and other actionable claims.

B. **Dispositive Motions**

**2. Plaintiff**

Plaintiff states that defendant have filed responses to plaintiff's emergency motion for partial summary judgment and motion to strike which are currently under review of the court. Defendants waived their rights with a consent, which contradicts the court order. Plaintiff also submitted motion for leave to amend his first complaint and supplemental pleadings relating to adding defendant (I-TUNES) and claims. Again, noting that Defendants consent to the plaintiff's first amended complaint, but opposes additional claims. However, fraud, conspiracy and RICO claims allows the record completed in its entirety in favors for the plaintiff.

C. **ADR**

**2. Plaintiff**

Plaintiff request a court order for ADR resolution should the court agree with the plaintiff who has massive evidence of alleged copyright infringement and serious fraud on the court by officers of the court and parties relating to plaintiff's copyrights.

D. **Trial Estimates**

2. **Plaintiff**

Plaintiff states should the court deny his partial motion for Summary Judgment, Plaintiff requests 7 days for trial relating to the alleged films involved in this case including "Mission:Impossible", "Forrest Gump", "The Butler", "This is It", "Selma", song: "Glory", "Scarecrow" commercial. Plaintiff believes and assert that a jury will rule in his favor involving these claims of copyright infringement and conspiracy/Rico.

E. **Additional Parties.**

2. **Plaintiff**

   Plaintiff states that defendants have consented to allowing the amended complaint, but opposes adding I-Tunes as a defendant relating to Scarecrow commercial, which involves defendants unlawful dissemination of plaintiff's copyrighted material for the creation of the commercial. Viacom, Paramount Pictures and Sony are not the producers and/or distributors of the commercial "Scarecrow", which is allegedly based on plaintiff's copyright material on Michael Jackson entitled "Michael Jackson and The Ghost of Ben". Defendants have ordered the script "Michael Jackson and The Ghost of Ben", and now they have informed the court that they have obtained the material, in which defendants already had. I-Tunes should be added due to misrepresentation by defendants involving the plaintiff's work, and I-Tunes association with the commercial involved with this litigation.

   Plaintiff states that it appears that Defendants Sony, Viacom and Paramount Pictures are not associated with the alleged infringing film "The Butler". Plaintiff's amended complaint and supplemental pleadings allow the true producers and distributors for the film "The Butler" and Scarecrow commercial be served and/or associated with this case for prosecution. Further, Plaintiff's amended complaint, supplemental pleadings and Rule 9 B Fraud statement discusses "Mission:Impossible", and "This is It" and Fraud, affording the court addition discretion to allow plaintiff to proceed in equity, whereas, previous judgment cannot be enforced in good conscience. For instance, Judge Paul L. Friedman as a General Partner with White & Case LLP Partners, Former Partners, and spouses in Wallpark LLC connected to SONY and HBO and others dismissed plaintiff's Mission:Impossible case in total conflict and judicial fraud with plaintiff's litigation. HBO created the films: The Making of Eraser and The Making of Mission:Impossible, and later broadcast Mission:Impossible and Eraser. Time Magazine of Time Magazine, parent company for Warner Bros and HBO stated on July 1, 1996 that Mission:Impossible and Eraser are the same films. Judge

Friedman ruled against the plaintiff in favor for White & Case LLP and Wallpark LLC clients involving both films: Mission:Impossible and Eraser in separate actions. The court also filed false statements in court proceedings and with Congress. This is fraud. Plaintiff states that Mrs. Elizabeth Friedman, a partner with Wallpark LLC and White & Case LLP and her spouse, Judge Friedman was employed for Nixon and Peabody LLP, which has interest in the plaintiff's litigation, allowing this in equity case to go forward. Judgment cannot be enforced based on inequiry litigation relating to fraud on the court by officers of the court. Plaintiff states that Judge Deborah Chasanow dismissed plaintiff's "Forrest Gump" film case owning a home involving a loan with White & Case LLP client First Union bank. The court had financial interest relating to fraud. Moreover, Judge Chasanow relied on Judge Friedman's tainted rulings. Moreover, Viacom's attorney lied stating in the litigation (affidavit) that the company had nothing to do with the film "Forrest Gump", when in fact Viacom and Paramount Pictures produced the film "Forrest Gump". In short, again, Judgment cannot be enforced based on in equity litigation relating to fraud on the court by officers of the court. The matter continues with other judges having pecuniary interest ruling against the plaintiff, including Judge Anthony Trenga who had over $500,000 or more involved with the plaintiff's case violating the statutes. This is a major case involving serious public corruption and property theft.

### IV. Proposed Schedule

### 2. Plaintiff

Plaintiff states that the court has already set a scheduling conference for discovery and other remedies including possible mediation. Defendants proposal to resend the court's order is absurd. Plaintiff opposes any court action declining to set a case schedule. Plaintiff is in favor of the court setting a case schedule. In the event the Court agrees with the plaintiff, plaintiff leaves the scheduling for trial with the discretion of the court relating to defendant's EVENT Date Case Schedule.

Respectfully Submitted to Opposing Counsels for Attachment to their Joint Statement for the Court,

David L. Whitehead
1906 Scott St.
Bossier, Louisiana 71111

Date: February 12, 2016