1   CALDWELL LESLIE & PROCTOR, PC
    LINDA M. BURROW, State Bar No. 194668
2     burrow@caldwell-leslie.com
    CAMERON J. JOHNSON, State Bar No. 266729
3     cjohnson@caldwell-leslie.com
    FEIFEI B. JIANG, State Bar No. 301716
4     jiang@caldwell-leslie.com
    725 South Figueroa Street, 31st Floor
5   Los Angeles, California 90017-5524
    Telephone: (213) 629-9040
6   Facsimile: (213) 629-9022

7   Attorneys for Defendants PARAMOUNT
    PICTURES CORPORATION, SONY
8   PICTURES ENTERTAINMENT INC.,
    and VIACOM INC.

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  DAVID L. WHITEHEAD,                 | Case No. 15-CV-3564 RGK (AGRx)

14          Plaintiff,                   | **DEFENDANTS PARAMOUNT PICTURES CORPORATION, SONY**
15          v.                           | **PICTURES ENTERTAINMENT INC., AND VIACOM INC.'S**
                                         | **NOTICE OF MOTION AND**
16  MILLENNIUM FILMS; VERIZON           | **MOTION FOR JUDGMENT ON**
    INC.; PARAMOUNT PICTURES;           | **THE PLEADINGS AS TO**
17  VIACOM; 20TH CENTURY FOX            | **PLAINTIFF DAVID L.**
    FILM; OPRAH WINFREY; TOM            | **WHITEHEAD'S CLAIMS;**
18  CRUISE; PAULA WAGNER; DAN           | **MEMORANDUM OF POINTS AND**
    SNYDER; JP MORGAN; COMCAST          | **AUTHORITIES**
19  INC.; SONY; MOONBOT STUDIOS;
    CHIPOTLE MEXICAN GRILL;             | **[Declaration of Cameron J. Johnson;**
20  APPLE INC.; SHEILA C. JOHNSON;      | **[Proposed] Order; Request for**
    HARVEY WEINSTEIN; THE               | **Judicial Notice; Declaration of**
21  WEINSTEIN COMPANY; COLONEL          | **Cameron J. Johnson ISO RJN; and**
    J. GEORGE & S. SALOOM HANNIE        | **[Proposed] Order Granting RJN filed**
22  COMMUNITY HOME, INC. and            | **concurrently herewith]**
    UNKNOWN OFFICERS;
23  SOCKRIDER, BOLIN, ANGLIN &          | **Date:      May 2, 2016**
    BATTE PLC; and UNKNOWN DOES         | **Time:      9:00 a.m.**
24  1-50,                               | **Crtrm.:    850**

25          Defendants.                  | The Honorable R. Gary Klausner

26

27

28

CALDWELL
LESLIE &
PROCTOR

DEFENDANTS PARAMOUNT, SONY, AND VIACOM'S MOTION FOR JUDGMENT ON THE PLEADINGS AS
TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

     **PLEASE TAKE NOTICE** that on May 2, 2016, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable R. Gary Klausner, located in Courtroom 850 of the United States Courthouse located at the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, Defendants Paramount Pictures Corporation, Sony Pictures Entertainment Inc., and Viacom Inc. (collectively, "Defendants") will and hereby do move this Court to enter judgment on the pleadings in favor of Defendants on each of the claims Plaintiff David L. Whitehead ("Plaintiff") asserts in his Complaint ("Compl."), ECF No. 6, and dismiss this action with prejudice.

     This Motion is made upon the following grounds:

     *First*, Plaintiff claims that Defendants' films *The Butler* and *Selma* infringe Plaintiff's work *The Rise Fall & Rise of a Mayor* ("*The Mayor*"), as set forth in Plaintiff's fifth cause of action, *see* Compl., ¶¶ 100-03, fail as a matter of law because neither *The Butler* nor *Selma* is substantially similar in protectable expression to *The Rise Fall & Rise of a Mayor*.

     *Second,* Plaintiff's first, second and third causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see id*., ¶¶ 46-98, fail as a matter of law because only *criminal* copyright infringement qualifies as a predicate act under RICO and Plaintiff purports to allege, at most, *civil* copyright infringement.  These claims also fail because the copyright infringement on which Plaintiff relies fails as a matter of law and because Plaintiff fails to sufficiently allege the existence of a *pattern* of racketeering activity, an enterprise, or damages arising from the alleged misconduct.

     *Third*, Plaintiff's fourth cause of action and tenth cause of action for fraud, *see id.*, ¶¶ 99, 111, fail because Plaintiff has failed to allege any of the essential elements of a fraud claim and because Plaintiff's fraud claims are preempted by the Copyright Act.

*Fourth*, Plaintiff's sixth cause of action for conspiracy, *see id.*, ¶ 104, fails because Plaintiff fails to allege any of the necessary elements.

*Fifth*, Plaintiff's seventh cause of action for false designation of origin in violation of the federal Lanham Act, *see id.*, ¶ 107, fails as a matter of law because a false designation of origin claim under the Lanham Act may not be based on the failure to properly attribute the authorship of an idea, concept, or communication, which instead arises under the Copyright Act.

*Sixth*, Plaintiff's eighth cause of action for breach of implied contract based on race, *see id.*, ¶¶ 108-09, and thirteenth cause of action for race discrimination, *see id.*, ¶ 114, fail because Plaintiff fails to allege any facts showing he was discriminated against based on race. Plaintiff's eighth cause of action fails for the additional reason that Plaintiff has not pled facts showing the existence of an agreement, implied or otherwise, and Plaintiff's thirteenth cause of action fails for the additional reason that Plaintiff has not alleged facts showing Defendants acted under color of state law.

*Seventh*, Plaintiff's ninth cause of action for negligence, *see id.*, ¶ 110, fails because Plaintiff has not alleged any of the essential elements and Plaintiff's claim is preempted by the Copyright Act to the extent Plaintiff contends the duty Defendants violated was their duty to protect him from copyright infringement.

*Eighth*, Plaintiff's eleventh cause of action for malicious and tortious interference of potential contracts, *see id.*, ¶ 112, fails because Plaintiff has not alleged any of the necessary elements.

*Ninth*, Plaintiff's twelfth cause of action for privacy violations, *see id.*, ¶ 113, fails because Plaintiff has not alleged any of the essential elements and Plaintiff's claim is preempted by the Copyright Act.

*Tenth*, Plaintiff's fourteenth cause of action for unfair competition, *see id.*, ¶ 115, and fifteenth cause of action for unfair competition and copyright infringement under California law, *see id.*, ¶¶ 116-17, fail because they are

CALDWELL LESLIE & PROCTOR

-2-

DEFENDANTS PARAMOUNT, SONY, AND VIACOM'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

preempted by the Copyright Act and because Plaintiff has not alleged any of the necessary facts.

*Eleventh*, Plaintiff's sixteenth cause of action for conversion, *see id.*, ¶ 118, fails because Plaintiff has not alleged any of the essential elements and because it is preempted by the Copyright Act.

*Twelfth*, Plaintiff's seventeenth cause of action for vicarious infringement, *see id.*, ¶ 119, fails because Plaintiff fails to allege *The Mayor* was infringed and thus cannot state a claim for vicarious infringement.

*Thirteenth*, Plaintiff's eighteenth cause of action, which simply seeks "damages," *id.*, ¶ 120, fails because each of Plaintiff's substantive claims fail.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Cameron J. Johnson in Support of the Motion, the concurrently filed Request for Judicial Notice, the concurrently filed Declaration of Cameron J. Johnson in Support of the Request for Judicial Notice and the attached exhibits, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

Pursuant to Local Rule 7-3, counsel for Defendant discussed the issues presented in this Motion by telephone with Plaintiff on February 8, 2016, but were unable to resolve them. *See* Declaration of Cameron J. Johnson, ¶ 2.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CALDWELL LESLIE & PROCTOR

-3-

DEFENDANTS PARAMOUNT, SONY, AND VIACOM'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

1  DATED:  March 30, 2016          CALDWELL LESLIE & PROCTOR, PC
2                                   LINDA M. BURROW
                                    CAMERON J. JOHNSON
3                                   FEIFEI B. JIANG

4                                   By _____ */s/* Linda M. Burrow
5                                        LINDA M. BURROW
6                                   Attorneys for Defendants PARAMOUNT
                                    PICTURES CORPORATION, SONY
7                                   PICTURES ENTERTAINMENT INC., and
                                    VIACOM INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

-4-

DEFENDANTS PARAMOUNT, SONY, AND VIACOM'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................... 1

II.     BACKGROUND ...................................................................................... 1

     A.    Plaintiff's Long History as a Vexatious Litigant ..................... 1

     B.    Plaintiff's Allegations in the Instant Action .......................... 2

          1.    *The Rise Fall & Rise of a Mayor* ................................... 3

          2.    *Lee Daniels' The Butler* ............................................... 4

          3.    *Selma* ............................................................................ 5

III.    THIS COURT SHOULD GRANT DEFENDANTS' MOTION ...................... 6

     A.    Plaintiff's Complaint Should Be Dismissed in Light of Plaintiff's Violation of Numerous Vexatious Litigant Orders ................. 7

     B.    Each of Plaintiff's Causes of Action Should Be Dismissed for Failure to State a Claim ............................................................. 7

          1.    Plaintiff Fails to State a Claim for Copyright Infringement .......... 8

               (a)    Plaintiff Fails to Allege Access ........................... 8

               (b)    The Works Are Not Substantially Similar ......................... 9

                    (i)    *The Mayor* Is Not Similar to *The Butler* .................. 9

                    (ii)    *The Mayor* Is Not Similar to *Selma* ........................ 12

          2.    Plaintiff's Remaining Claims Also Fail as a Matter of Law ....... 14

               (a)    Plaintiff's RICO Claims Fail ........................... 14

               (b)    Plaintiff's Fraud Claims Fail ........................... 15

                    (i)    Plaintiff's Fails to State a Claim for Fraud ............ 15

                    (ii)    Plaintiff's Fraud Claims Are Preempted ................. 16

               (c)    Plaintiff's Conspiracy Claim Fails ..................... 17

               (d)    Plaintiff's Lanham Act Claim Fails ..................... 17

               (e)    Plaintiff's Racial Discrimination Claims Fail .................... 18

               (f)    Plaintiff's Negligence Claim Fails ..................... 18

               (g)    Plaintiff's Tortious Interference Claim Fails ................... 18

               (h)    Plaintiff's Privacy Violation Claim Fails ......................... 19

               (i)    Plaintiff's Unfair Competition Claims Fail ...................... 19

CALDWELL
LESLIE &
PROCTOR

-i-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

1                (j)     Plaintiff's Conversion Claim Fails ................................... 19

2                (k)    Plaintiff's Vicarious Infringement Fails .......................... 20

3                (l)     Plaintiff's Damages Claim Fails ...................................... 20

4  IV.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .......... 20

5  V.     CONCLUSION ............................................................. 20

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

<u>**Cases**</u>

4

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
5     581 F.3d 1138, 1143 (9th Cir. 2009)...........................................................8

6

*Benay v. Warner Bros. Ent.*,
7     607 F.3d 620 (9th Cir. 2010) ................................................. *Passim*

8

*Ashcroft v. Iqbal*,
9     556 U.S. 662 (2009) .............................................................. 6, 8

10

*Campbell v. Walt Disney Co.*,
11     718 F. Supp. 2d 1108 (N.D. Cal. 2010).......................................7, 20

12

*Cavalier v. Random House, Inc.*,
13     297 F.3d 815 (9th Cir. 2002) ...............................................9, 10, 13

14

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
15     590 F.3d 806 (9th Cir. 2010) ...............................................18

16

*Chavez v. United States*,
    683 F.3d 1102 (9th Cir. 2012) ...............................................6

17

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
18     539 U.S. 23 (2003) ...............................................................17

19

*Del Madera Properties v. Rhodes & Gardner, Inc.*,
20     820 F.2d 973 (9th Cir. 1987) ...............................................19

21

*Design Art, Inc.*,
22     No. 00CV593 JM (JAH),
    2000 WL 33151646 (S.D. Cal. Aug. 18, 2000) ...........................16, 17

23

*Dielsi v. Falk*,
24     916 F. Supp. 985 (C.D. Cal. 1996)..........................................20

25

*Feldman v. Twentieth Century Fox Film Corp.*,
26     723 F. Supp. 2d 357 (D. Mass. 2010)......................................8

27

*Fogerty v. Fantasy, Inc.*,
28     510 U.S. 517 (1994) .............................................................19

CALDWELL
LESLIE &
PROCTOR

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
  462 F.3d 1072 (9th Cir. 2006) ................................................................. 9, 11, 13

*Gadh v. Spiegel*,
  No. CV 14-855-JFW PJWX,
  2014 WL 1778950 (C.D. Cal. Apr. 2, 2014) ................................................. 20

*Giddings v. Vison House Prod., Inc.*,
  No. CV05-2963-PHX-MHM,
  2007 WL 2274800 (D. Ariz. Aug. 7, 2007) ................................................. 17

*Gillespie v. Civiletti*,
  629 F.2d 637 (9th Cir. 1980) ..................................................................... 17

*In re Fillbach*,
  223 F.3d 1089 (9th Cir. 2000) ...................................................................... 7

*Jalili v. Far E. Nat. Bank*,
  No. C 12-5962 SBA,
  2013 WL 1832648, at *3 (N.D. Cal. May 1, 2013) ................................. 14, 15

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ..................................................................... 15

*Kersh v. Cook*,
  332 F. App'x 420 (9th Cir. 2009) ................................................................. 7

*Knappenberger v. City of Phoenix*,
  566 F.3d 936 (9th Cir. 2009) ....................................................................... 20

*Kouf v. Walt Disney Pictures & Television*,
  16 F.3d 1042 (9th Cir. 1994) ......................................................................... 9

*Laws v. Sony Music Entm't, Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ................................................................. 16, 19

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
  431 F.3d 353 (9th Cir. 2005) ....................................................................... 14

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
  629 F.3d 928 (9th Cir. 2010) ....................................................................... 20

*McIntyre v. Colonies-Pac.*, LLC,
  228 Cal. App. 4th 664 (2014) ....................................................................... 18

CALDWELL
LESLIE &
PROCTOR

*Mention v. Gessell*,
   714 F.2d 87 (9th Cir. 1983) ............................................................... 19

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*,
   No. C 06 7541 PJH,
   2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) .................................... 17

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
   795 F.3d 1124, 1133 (9th Cir. 2015) ............................................... 18

*Newsom v. Countrywide Home Loans, Inc.*,
   714 F. Supp. 2d 1000 (N.D. Cal. 2010) .............................................. 6

*Olson v. National Broad. Co., Inc.*,
   855 F.2d 1446 (9th Cir. 1988) .................................................... 10, 12

*Robert Kubicek Architects & Associates Inc. v. Bosley*,
   No. CV 11-2112 PHX DGC,
   2012 WL 3149348 (D. Ariz. Aug. 1, 2012) ...................................... 14

*Schloss v. Sick Optic Elec., Inc.*,
   No. CIV. 96-20236 SW,
   1996 WL 708374 (N.D. Cal. Nov. 22, 1996) .................................... 18

*Shame on You Prods., Inc. v. Banks*,
   120 F. Supp. 3d 1123 (C.D. Cal 2015) .......................................... 7, 15

*Stewart v. Wachowski*,
   No. CV 03-2873 MMM VBKX,
   2005 WL 6184235 (C.D. Cal. June 14, 2005) .................................. 14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................... 16

*Sybersound Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) .................................................. 16, 19

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ............................................................ 8

*UMG Recordings, Inc. v. Augusto*,
   628 F.3d 1175 (9th Cir. 2011) .......................................................... 8

CALDWELL
LESLIE &
PROCTOR

-v-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

*United States v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) ................................................................ 7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................ 15

*Walker v. Time Life Films, Inc.*,
    784 F.2d 44 (2d Cir. 1986) ................................................... 10, 11, 12

*Watermark Publishers v. High Tech. Sys. Inc.*,
    1997 WL 717677 (S.D. Cal. Aug. 12, 1997) ..................................... 18

*Whitehead v. Paramount Pictures Corp.*
    145 F. Supp. 2d 3 (D.D.C. 2001) ............................................... 1, 2, 7

*Whitehead v. Viacom*,
    233 F. Supp. 2d 715 (D. Md. 2002 ...................................................... 2, 7

*Whitehead v. Wickham*,
    No. 05-CA-3346,
    2005 WL 2874975 (D.C. Super. Ct. Sept. 6, 2005) ......................... 2, 7

*Williams v. UMG Recordings, Inc.*,
    281 F. Supp. 2d 1177 (C.D. Cal. 2003) ............................................ 17

*Zella v. E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) .............................................. 9

**Statutes and Rules**

17 U.S.C. § 501(a) ...................................................................................... 8

37 C.F.R. § 202.1 ...................................................................................... 13

Fed. R. Civ. Proc. 9(b) .............................................................................. 15

Fed. R. Civ. P. 12(c) .................................................................................... 6

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff David L. Whitehead, who has filed dozens of frivolous lawsuits around the country, claims that Defendants Paramount Pictures Corporation ("Paramount"), Sony Pictures Entertainment Inc. ("SPE"), and Viacom Inc. ("Viacom") (collectively, "Defendants") somehow infringed his copyrighted work *The Rise Fall & Rise of a Mayor* ("*The Mayor*") through their alleged involvement in the films *Lee Daniel's The Butler* and *Selma*.  Plaintiff's claim is meritless, as there is no substantial similarity of protectable expression between *The Mayor* and *Selma* or *The Butler*.  Plaintiff's remaining seventeen claims, each of which depends on this alleged infringement, also fail as Plaintiff fails to allege *any* of the essential elements of those claims, and many are preempted by the Copyright Act.

This case is yet another in a long line of cases, asserting "opaque, nonsensical and frivolous" claims Plaintiff has filed.  Request for Judicial Notice ("RJN"), Ex. A (*Whitehead v. Columbia Pictures*, 98-CV-2938, ECF No. 96 at 5 (D.D.C. 2001)).  Enough is enough.  This Court should grant Defendants' motion, declare Plaintiff a vexatious litigant pursuant to Local Rule 83-8, and issue an award of attorneys' fees.

## II.   BACKGROUND

### A.   *Plaintiff's Long History as a Vexatious Litigant*

For more than twenty years, Plaintiff has filed numerous cases in which he accuses dozens of defendants of copyright infringement.  *See, e.g.*, *Whitehead v. Paramount Pictures Corp.* 145 F. Supp. 2d 3, 4 (D.D.C. 2001) (describing Plaintiff's history as a vexatious litigant).[1]  To Defendants' knowledge, "[e]very one of Mr. Whitehead's suits has been dismissed or resolved in defendants' favor."  *Id*.  Plaintiff's abuses of the judicial system, have led at least five courts to declare him a

---

[1] A PACER search reveals that Plaintiff has filed approximately fifty-eight federal cases, six of which were filed in the Central District of California.  Declaration of Cameron J. Johnson ("Johnson Decl.), ¶ 3.

-1-

vexatious litigant and issue orders prohibiting Plaintiff from commencing new actions without first obtaining leave of court.[2]

### B.    Plaintiff's Allegations in the Instant Action

In the instant action, Plaintiff claims that Defendants[3] "conspir[ed] to massively infringe and steal" *The Mayor* and *Michael Jackson and the Ghost of Ben* ("*Ben*"), through their involvement in the feature films *Lee Daniels' The Butler* and *Selma*[4], and a commercial for former defendant Chipotle Mexican Grill entitled *The Scarecrow*.  ECF No. 6 ("Compl."), ¶¶ 14-15, 26, 99.[5]  Plaintiff appears to allege that: (1) *Selma* and *The Butler* infringe *The Mayor*, and (2) *The Scarecrow* infringes *Ben*.  *See, e.g.*, Compl., ¶ 15, ECF No. 6, ¶ 26, ECF No. 105 at 14-15, ¶¶ 14, 18.  Plaintiff does not allege that Paramount, SPE, or Viacom had any involvement in *The Scarecrow*.  *See* Compl., ¶ 26 (alleging that Moonbot Studios, Chipotle, and Apple were responsible for the commercial); ECF No. 105 at 4.  Accordingly, Defendants do not address *The Scarecrow* or *Ben* below.[6]

---

[2] *See* RJN, Ex. B (*Whitehead v. White & Case, LLP*, Civil Action No. 12-cv-0399, ECF No. 45 at 1 (W.D. La., May 16, 2012)); *id.*, Ex. C (*Whitehead v. Friedman*, No. 02-1630 (RWR ), ECF No. 48 at 1 (D.D.C. Sept. 8, 2003)); *Whitehead v. Paramount Pictures Corp.*, No. 1:08CV792, 2009 WL 1491402, at *4 (E.D. Va. May 26, 2009); *Whitehead v. Wickham*, No. 05-CA-3346, 2005 WL 2874975, at *5 (D.C. Super. Ct. Sept. 6, 2005); *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 727 (D. Md. 2002).

[3] Plaintiff initially named a total of eighteen defendants, all of whom except for Paramount, SPE, and Viacom have been dismissed.  *See* ECF No. 84.

[4] Paramount caused the film *Selma* to be exhibited in theaters.  ECF No. 79, ¶ 103.  Defendants do not otherwise admit involvement in *Selma* or *The Butler*.

[5] On January 25, 2016, Plaintiff filed a filed a motion for leave to amend his original Complaint.  ECF No. 105 at 4.  The Court granted the motion in part and denied the motion in part, including denying Plaintiff's request to add claims based on *This Is It*.  ECF No. 128; ECF No. 105 at 4.  The Court ordered Plaintiff to lodge his proposed FAC with the Court for approval.  ECF No. 128.  Plaintiff has not yet lodged a new [Proposed] FAC.  However, given the scope of the permitted amendments, the claims in the FAC should not be materially different from those in the Complaint.

[6] The original Complaint and Plaintiff's Rule 9(b) RICO Case Statement also make

CALDWELL LESLIE & PROCTOR

-2-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

### 1. *The Rise Fall & Rise of a Mayor*

Plaintiff's work *The Mayor* appears to recount fictional scenes from the life of former Washington, D.C mayor Marion S. Barry, Jr. ("Barry"). The screenplay opens with an infant Barry, his mother, and several other sharecroppers in a field in Mississippi discussing the difficulties of life in the segregated South.[7] ECF No. 90, Ex. B at 11-13. The story moves to Memphis, Tennessee (but nothing else happens), *id.* at 13-14, and then to a liquor store in Washington D.C., where characters discuss how "white folks keep setting our leaders up," but acknowledge that Barry ultimately "hurt himself." *Id.* at 14-15; *id.* at 18 (Barry "let his private parts get in the way").

The remainder of the screenplay consists of a series of disconnected scenes, told in a combination of flashback and voiceover. The first involves Barry's efforts to remove the racist "Congressman Chandler" from the Board of Trustees of LeMoyne College. *Id.* at 26-28. The story skips back to Washington D.C., where "Black Muslims" have entered a building with guns. *Id.* at 28. Barry, now a D.C. City Councilman, is shot and taken to the hospital. *Id.* at 30. He goes on to become mayor. *Id.* "Dr. King," presumably Dr. Martin Luther King, Jr., then gives a series of short speeches. *Id.* at 41-43. The last speech occurs in April 1968 in Memphis.

---

passing references to *This Is It*, *see* Compl., ¶ 26; ECF No. 7 ("Case Statement"), ¶ 20, 25, but the claims in the Complaint do not appear to be based on *This Is It's* purported infringement of *Ben*. Defendants thus do not address *This Is It*, but will, at the Court's request, supplement their motion to address *This Is It* and *Ben*.

[7] Plaintiff did not attach copies of either of his Works to his Complaint and has declined to provide them. Johnson Decl. ISO RJN, ¶ 6. Defendants therefore ordered the deposit copies associated with the copyright registrations Plaintiff attached to the Complaint. *See id.*, ¶ 7; ECF No. 6, Exs. 2 & 2B. The deposit copy for *The Mayor*, however, was a work entitled "Marilyn Dances." *See* RJN Ex. E. Plaintiff attached excerpts of what he appears to believe are the infringed portions of the screenplay version of *The Mayor* (the version Plaintiff intends to assert in his amended complaint) to one of his motions. *See* RJN, Ex. F; ECF No. 102 (explaining difference in versions); ECF No. 105 at 4, 11. Defendants refer to the excerpts below, using the numbers on the bottom right-hand corner of each page.

CALDWELL
LESLIE &
PROCTOR

-3-
MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

1  *Id.* As the speech concludes, King is assassinated. *Id.* at 48 ("**We hear shots**").

2      The story fast-forwards to Barry lecturing his wife about "the government's"

3  efforts to imprison African-American men and cause them to become addicted to

4  crack cocaine. *Id.* at 58. The script then "cut[s] to" FBI headquarters, where two

5  FBI agents discuss how they "almost got [Barry] last month," *Id.* at 60 and then back

6  to Barry who says that he has been "tried [and] convicted . . by the City's white-

7  controlled media." *Id.* at 63. Barry is arrested by the FBI. *Id.* at 79. The screenplay

8  ends with Barry's trial, and more voiceover. *Id.* at 144.

9                    **2.    *Lee Daniels' The Butler***

10      The first of the alleged-infringing works, *The Butler*, follows the story of

11  African-American White House butler Cecil Gaines. *See* RJN, Ex. G. Gaines's

12  story begins in 1926, in a field on a plantation in Macon, Georgia. *Id.* at 1:21.

13  Gaines is offered a position in the house and trained to be a server after the plantation

14  owner rapes his mother and kills his father. *Id.* at 4:30-50. Gaines leaves the

15  plantation in 1933, *id.* at 5:59-7:25, becomes a servant at a hotel, *id.* at 8:42-10:10,

16  and ultimately becomes a White House butler, *id.* at 16:54-19:08.

17      Throughout *The Butler*, Gaines observes, but declines to become involved in,

18  many of the important civil rights issues of the twentieth century, including for

19  example, President Eisenhower's struggles with whether to send troops in to enforce

20  the recent *Brown v. Board of Education* decision, *id.* at 25:55-26:35, and President

21  Johnson's announcement of the Voting Rights Act after watching news footage of

22  black demonstrators being clubbed by militia on the Edmund Pettus bridge. *Id.* at

23  1:13:46-1:14:27. In contrast to Gaines' passive observations, his son Louis becomes

24  a political activist, *id.* at 52:03-54:29, an associate of Dr. King, *id.* at 1:15:10-

25  1:18:40, and, after becoming disillusioned with the non-violent civil rights

26  movement, a member of the Black Panther Party. *Id.* at 1:21:34-1:24:35. Gaines's

27  wife Gloria struggles with Gaines's work-related absences, becomes an alcoholic and

28  has an affair, but later reconciles with Gaines. *Id.* at 1:02:06-1:07:07.

CALDWELL
LESLIE &
PROCTOR

-4-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

Gaines's apolitical stance ends when he observes President Ronald Reagan vowing to veto any bill imposing sanctions on South Africa for its brutal treatment of its black population. *Id.* at 1:47:48-1:49:05. After a period of soul-searching, Gaines resigns his position as a butler and joins Louis at a protest. *Id.* at 1:50:18-1:56:18. The movie concludes in 2008 with Gaines returning to the White House to visit newly elected President Barak Obama. *Id.* at 2:03:05-2:04:30.

### 3.    *Selma*

The second allegedly infringing work, *Selma*, chronicles Dr. Martin Luther King, Jr.'s efforts to secure voting rights for African-Americans in the south. RJN, Ex. H. Early in the film Dr. King meets with President Johnson at the White House, where he presses the President to pass legislation to protect African-Americans right to vote. *Id.* at 8:50-13:20. Johnson refuses to focus on voting rights that year. *Id.* Dr. King then decides to travel to Selma to organize demonstrations aimed at securing voting rights. *Id.* at 13:25-30. In Selma, Dr. King leads a march to the courthouse, where one demonstrator is assaulted County Sherriff Jim Clark. *Id.* at 34:31-36:16. Dr. King and the demonstrators are arrested. *Id.* at 36:17-30.

After a demonstrator is killed by state troopers at a second protest that Dr. King does not attend, Dr. King meets again with President Johnson, telling Johnson that he plans to organize a march from Selma to the state capital in Montgomery. *Id.* at 58:25-1:00:42. When Dr. King leaves, Johnson orders his advisor, Lee White, to contact FBI Director J. Edgar Hoover. *Id.* at 1:00:43-57.

In the next scene, Dr. King and Coretta listen to a tape, apparently sent by the FBI, of an ominous voice calling King a fraud. *Id.* at 1:01:00-26. The tape ends with sounds of two people having sex. *Id.* at 1:01:27-38. Dr. King denies that the man is him. *Id.* at 1:01:40-52. Coretta agrees but asks Dr. King whether he has ever loved "any of the others." An ashamed Dr. King says "no." *Id.* at 1:04:59-1:05:25.

The next day in Selma, more than 500 demonstrators, begin to march from Selma to Montgomery. *Id.* at 1:10:38-1:17:50. As they arrive at the Edmund Pettus

1  Bridge, they are viciously attacked by state troopers.  *Id.*

2      After returning to Selma, Dr. King decides to hold a second march.  *Id.* at

3  1:19:30-49.  Thousands of people, white and black, travel to Selma to attend the

4  march.  *Id.* at 1:20:41-1:21:34.  On the day of the march, the demonstrators are again

5  confronted by troopers on the bridge.  *Id.* at 1:26:43-1:27:15.  Although the troopers

6  back away, Dr. King, after praying, leads the demonstrators away from the bridge

7  because of his fear that the troopers may be laying a trap.  *Id.* at 1:28:05-1:29:45.

8      Dr. King and his allies organize a third march after obtaining a court order

9  enjoining the state authorities from interfering.  *Id.* at 1:44:47-1:45:55.  At the same

10  time, President Johnson decides to embrace the voting rights issue and announces the

11  Voting Rights Act.  *Id.* at 1:46:15-1:50:53.  Dr. King is relieved.  *Id.* at 1:50:53-

12  1:51:05  The film concludes with Dr. King leading the march and giving a powerful

13  speech on the steps of the Statehouse in Montgomery.  *Id.* at 1:56:05-1:59:50.

14  **III.    THIS COURT SHOULD GRANT DEFENDANTS' MOTION**

15      A party may move for judgment on the pleadings "[a]fter the pleadings are

16  closed."  Fed. R. Civ. P. 12(c).  "Analysis under Rule 12(c) is 'substantially

17  identical' to analysis under Rule 12(b)(6)."  *Chavez v. United States*, 683 F.3d 1102,

18  1108 (9th Cir. 2012).  To survive a motion to dismiss under Federal Rule of Civil

19  Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as

20  true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

21  U.S. 662, 678 (2009) (citation omitted).  "'[T]he tenet that a court must accept as true

22  all of the allegations contained in a complaint'" does not apply to legal conclusions,

23  even where, as in this case, Plaintiffs are proceeding *pro se*.  *See Newsom v.*

24  *Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1006 (N.D. Cal. 2010)

25  (quoting *Iqbal*, 556 U.S. 662, 678 (2009)).

26      When deciding a Rule 12(b)(6) motion, the Court may also consider evidence

27  on which the complaint "'necessarily relies' if:  (1) the complaint refers to the

28  document; (2) the document is central to the plaintiff's claim; and (3) no party

questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted). Where, as here, the plaintiff's works and the allegedly infringing work "are referenced in—although not attached to—the amended complaint, they are incorporated by reference in it, and can be considered by the court in assessing substantial similarity." *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1144 (C.D. Cal 2015); *see also, e.g.*, *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (considering screenplay and alleged infringing film).

### A.    Plaintiff's Complaint Should Be Dismissed in Light of Plaintiff's Violation of Numerous Vexatious Litigant Orders

When a litigant "fil[es] in one district court to avoid a vexatious litigant order in another, . . . a district court has authority to dismiss." *In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000); *see also Kersh v. Cook*, 332 F. App'x 420, 420-21 (9th Cir. 2009) (dismissing claims). Numerous courts—including the United States District Courts for the Western District of Louisiana, Eastern District of Virginia, District of Columbia, and District of Maryland, and the Superior Court for the District of Columbia—have already barred Plaintiff from filing suit without obtaining leave of the relevant court. *See* RJN Ex. B (*White & Case*, ECF No. 45 at 1); *id.*, Ex. C (*Friedman*, ECF No. 48 at 1); *Paramount*, 2009 WL 1491402, at *4; *Wickham*, 2005 WL 2874975, at *4; *Viacom*, 233 F. Supp. 2d at 727. Plaintiff brought suit in this District in a transparent effort to circumvent the bars imposed by these other courts. This Court should dismiss Plaintiff's Complaint and reject any effort by Plaintiff to re-plead his patently meritless claims.

### B.    Each of Plaintiff's Eighteen Causes of Action Should Be Dismissed

Plaintiff's Complaint should also be dismissed because Plaintiff fails to plead facts sufficient to state any of his eighteen causes of action. As Plaintiff cannot state any of his claims for relief unless he can show that his copyrights in *The Mayor* or *Ben* was infringed, Defendants first address the fatal flaws in Plaintiff's fifth cause of

CALDWELL LESLIE & PROCTOR

-7-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

action for copyright infringement.

### 1. Plaintiff Fails to State a Claim for Copyright Infringement

To state a claim for copyright infringement, "a plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act." *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011); *see also* 17 U.S.C. § 501(a). Absent direct evidence of copying, a plaintiff must demonstrate: (1) the defendant had access to his works, and (2) that the two works are "substantially similar." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

### (a) Plaintiff Fails to Allege Access

A plaintiff may demonstrate access by alleging facts: "(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility," that a defendant had the chance to view the work. *Id.* (affirming dismissal of claim). Plaintiff does not allege that *The Mayor* was "widely disseminated," nor does he allege facts showing a "chain of events" that would have resulted in his work being provided to Defendants. Indeed, the only individuals or entities Plaintiff implies might have received a copy of *The Mayor* are Charles Burnett, the director of the 1999 film *Selma Lord Selma*, and Cedric Glover, the former mayor of Shreveport, LA. (Compl., ¶¶ 24, 37.[8]) Plaintiff, however, offers no explanation as to how *The Mayor* could possibly have made its way to Defendants. This Court may dismiss Plaintiff's infringement claim based on this failure alone. *See Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 365-66 (D. Mass. 2010) (dismissing claim).

---

[8] In Plaintiff's claim for "Privacy Violations," he alleges that unnamed "other defendants . . . obtain[ed] his copyrighted" Works. (Compl., ¶ 113.) This conclusory allegation fails because it is not supported by any facts. *See Iqbal*, 556 U.S. at 678.

CALDWELL
LESLIE &
PROCTOR

### (b)    The Works Are Not Substantially Similar

This Court should also dismiss Plaintiff's infringement claim because Plaintiff's works are not substantially similar to either *The Butler* or *Selma*.  *See Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1130-31 (C.D. Cal. 2007) (collecting cases).  The substantial similarity test contains an extrinsic and intrinsic component.  *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).  At the pleading stage, only the extrinsic test applies.  *Id.*  The Court "must take care to inquire only whether 'the *protectable elements, standing alone*, are substantially similar.'"  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citation omitted, emphasis in original).  The extrinsic test "focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events."  *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) (citation and quotation marks omitted).

Applying each factor of the extrinsic test, it is clear that there is no substantial similarity between the protectable elements of *The Mayor* and *The Butler* or *Selma*.

### (i)    *The Mayor* Is Not Similar to *The Butler*

*Plot and Sequence of Events.  The Mayor* depicts events in the life of former Washington D.C. Mayor Marion Barry, leading up to his fall from grace.  RJN, Ex. F at 18.  *The Mayor* does not unfold linearly, but jumps around in time, using voiceovers and flashbacks to describe the events.  *See id.*, at 14, 18, 60, 64.  *The Butler*, on the other hand, tells the story of former White House butler Cecil Gaines in mostly chronological order, as he leaves the rural south; becomes employed at the White House; interacts with a series of Presidents; observes significant events in U.S. history; and struggles to maintain his relationships with his family.  *See, e.g.*, RJN, Ex. G at 4:30-50, 5:59-7:25, 8:42-11:13, 16:54-19:08, 25:55-26:35, 28:19-53, 59:50-1:07:07.  Unlike Barry, Gaines does not become a politician; shies away from any involvement in the civil rights movement for most of the film, *see id.* at 13:00-17,

CALDWELL
LESLIE &
PROCTOR

-9-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

28:19-53; and never had his career destroyed due to an extra-marital affair.

Although not in the Complaint, Plaintiff has, in a previous motion, identified certain scenes he believes support a finding of substantial similarity. Plaintiff argues, for example, that the works are similar because both include scenes in which young versions of their protagonists appear in southern cotton fields and, in both scenes, a character suggests that the protagonist be taken "inside the house." ECF No. 90 at 8, 11. Scenes depicting the characters in a field "flow naturally from the works' shared unprotected premise" of southern African-American men in the early twentieth century and are not protectable. *Benay v. Warner Bros. Ent.*, 607 F.3d 620, 627-28 (9th Cir. 2010). The scenes are also quite dissimilar: in *The Mayor*, Barry's mother holds an infant Barry while discussing the plight of southern blacks and is told to take Barry inside because it is hot, RJN, Ex. F at 11, while in *The Butler*, Gaines witnesses his mother's rape and father's murder and is invited to work in the owner's home as a meager consolation, *id.*, Ex. G at 1:28-4:40; *see Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986) (no similarity based on scenes in which a person is thrown off a roof because there were significant differences between the scenes).

Neither is there similarity in the fact that both protagonists move to D.C. ECF No. 90 at 11. It was not uncommon for African-Americans to leave the south in search of opportunity and to escape racism. *See Benay*, 607 F.3d at 627-28. More important, the moves occur under different circumstances: the infant Barry moves to Tennessee with his mother and an adult Barry is seen in D.C. with no explanation of how he arrived, RJN, Ex. F at 12, while Gaines leaves Georgia as an adult to escape violence, and his path to D.C. is shown in several scenes RJN, Ex. G at 6:00-12:30.[9]

***Characters.*** Only characters that are "especially distinctive" are protectable.

_____

[9] That both *The Mayor* and *The Butler* contain scenes where a character does not want to engage in sex because she is preoccupied with other matters (*see* ECF No. 90 at 8) is likewise not evidence of infringement, *see Cavalier*, 297 F.3d at 823 ("[f]amiliar stock scenes and themes that are staples of literature are not protected").

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

*Olson v. National Broad. Co., Inc.*, 855 F.2d 1446, 1452 (9th Cir. 1988).  Plaintiff alleges that *The Mayor* is similar to *The Butler* because Dr. King appears in both works.  Compl., ¶ 23.  Historical facts, such as Dr. King's existence and participation in the civil rights movement, are not protectable.  *See Benay*, 607 F.3d at 625.

Plaintiff also claims that Barry is similar to Gaines' eldest son, Louis, because Louis is a "radical politician" and so is the "young . . . Barry."  ECF No. 90 at 12.  The *facts* of young Barry's political life are not protectable.  *See Benay*, 607 F.3d at 625.  Regardless, the characters are not at all similar: young Barry's only "radical" political activity is writing a letter to a congressman, *see* RJN, Ex. F at 25, while Louis engages in sit-ins, rides the Freedom Bus, is regularly arrested, and joins the Black Panthers, *see* RJN, Ex. G at 38:42-43:44, 52:03-54:29, 1:21:34-1:22:17.

Plaintiff's argument that "[t]he Male and Female characters [on] page 18" of *The Mayor* "resemble[] the character[s] Gloria Gaines . . . and Howard," ECF No. 90 at 11, is also unavailing.  Plaintiff appears to be referring to the fact that Sandy and Leroy in *The Mayor* and Gloria and her lover Howard in *The Butler* have drinking problems.  The fact that a character is an alcoholic, however, is not protectable, *Feldman*, 723 F. Supp. 2d at 367, and the characters do not share any other traits.[10]

**Mood**.  Plaintiff's work is sullen and brooding, and focuses on Barry's downfall and the perceived conspiracy against him.  *See* RJN, Ex. F at 14, 18, 60, 64.  *The Butler*, on the other hand, generally proceeds on an upward trajectory, with Gaines gaining a better sense of himself and improving his relationship with his family members.  *See, e.g.*, RJN, Ex. G at 1:05:31-1:07:05, 1:49:00-1:56:18.

**Pace.**  Plaintiff's script seems to move around haphazardly in terms of time, location, and characters.  *See* RJN, Ex. F at 12, 17, 18, 25-28.  *The Butler* moves mostly linearly, *see* RJN, Ex. G at 0:30-2:04:16, thus "impart[ing] a continuity . . . entirely missing from" Plaintiff's work.  *Walker*, 784 F.2d at 49 (holding "intensely

---

[10] The myriad characters that appear in *The Butler* but not *The Mayor* also weighs against a finding of substantially similar.  *See Funky Films*, 462 F.3d at 1078-79.

-11-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

plotted" film was not similar to book composed of "of randomly-ordered sketches").

*Theme*.  Both *The Mayor* and *The Butler* involve—to some extent—the civil rights movement and the struggles of African Americans in the twentieth century. This limited thematic similarity, however, arises naturally from the shared historical context of the works and thus is not evidence of infringement.  *See Benay*, 607 F.3d at 627 (no protection for "theme[] of the embittered war veteran"); *Walker*, 784 F.2d at 50 (no protection for "[f]oot chases and the morale problems of policemen").

*Setting*.  Although portions of both *The Mayor* and *The Butler* take place in Washington, D.C. and the South, as both works involve southern African-American men who participated in or observed politics in D.C., "it is not surprising that they share certain settings." *Benay*, 607 F.3d at 628 (scenes in the Imperial Palace flowed naturally from the works' shared premise of a "war veteran who travels to Japan").

*Dialogue*.  Plaintiff fails to identify *any* similarities in dialogue between *The Mayor* and *The Butler*, let alone the "extended similarity of dialogue needed to support a claim of substantial similarity."  *Olson*, 855 F.2d at 1450.

### (ii)    *The Mayor* **Is Not Similar to** *Selma*

*Plot and Sequence of Events*.  *The Mayor* and *Selma* are entirely different stories—*The Mayor* is a collection of purported events from the life of Marion Barry, RJN, Ex. F at 11-144, while *Selma* chronicles Dr. King's campaign for voting rights. *See* RJN, Ex. H at 0:59-2:02:55.   Although *The Mayor* references Dr. King and the civil rights movement, *see* Compl., ¶ 23; ECF No. 90 at 6, the depictions are not at all similar, and, in any event, such historical facts are not protectable, *see Benay*, 607 F.3d 620 at 625.[11]

---

[11] Plaintiff argues that the works are similar because both Dr. King and Barry are investigated by the FBI.  ECF No. 90 at 11.  This element is not protectable.  It flows naturally from the fact that both works follow powerful African-American leaders, and the fact of the investigations is historical.  *Benay*, 607 F.3d at 625, 627-28. Plaintiff also argues that both works "depict[] Dr. King's last speech in Memphis, Tennessee in 1968."  ECF No. 90 at 7.  But *Selma* does not depict this speech.  *See*

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

*Characters*.  The only alleged similarity in character between *The Mayor* and *Selma* is Dr. King.  Dr. King's presence in a story about the civil rights movement both concerns unprotectable historical facts, *see Benay*, 607 F.3d at 625, and flows naturally from the premise of each work.  *See Cavalier*, 297 F.3d at 823.  Moreover, Dr. King is depicted differently in each work: in *The Mayor* he is depicted primarily as giving speeches, *see* RJN, Ex. F at 41-43, while in *Selma*, King is portrayed as a nuanced character—a husband, father and leader, *see* RJN, Ex. H at 0:59-2:02:55.[12]

*Mood*.  *Selma*, which shows King's determination in the face of tremendous obstacles and is ultimately triumphant in its mood, *see, e.g.*, *id.* at 1:53:34-1:59:59, bears no resemblance to Plaintiff's sullen work, which focuses on Barry's downfall.

*Pace.*  Plaintiff's script is disjointed and haphazard, and covers a large swath of time, depicting Barry from an infant into adulthood.  In contrast, *Selma* proceeds linearly and only spans a short period of time in 1964 and 1965.

*Theme*.  *The Mayor* focuses primarily on Barry's downfall, while *Selma* depicts the events leading up to the Selma to Montgomery march.

*Setting*.  While at times the characters in each work appear in Washington, D.C. and the American South, *Selma* takes place primarily in Selma, Alabama, while the primary setting for *The Mayor* is Washington D.C.

*Dialogue*.  Plaintiff claims that the song *Glory* at the end of *Selma*, *see* RJN, Ex. H at 1:59:50, "was inspired by" a scene in *The Mayor* in which Dr. King exclaims "Glory Hallelujah," ECF No. 90 at 6-7.  "Glory hallelujah" is a non-protectable ordinary phrase.  *See* 37 C.F.R. § 202.1.  Moreover, the use of the word "glory" naturally flows from the fact that *Glory* caps a movie whose protagonist, Dr. King, is a preacher.  RJN, Ex. H at 1:59:20; *see also Benay*, 607 F.3d at 628 (no

---

RJN, Ex. H at 1:56:30 (closing with speech in Montgomery, Alabama in 1965).  In any event, the fact of the 1968 speech is not protectable.  *See Benay*, 607 F.3d at 625.

[12] The presence of characters in *Selma* that do not appear in *The Mayor* also weighs against a finding of substantial similarity.  *See Funky Films*, 462 F.3d at 1078-79.

1    similarity based on use of the term "gaijin" in works about military advisor in Japan).

2    **2.    Plaintiff's Remaining Claims Also Fail as a Matter of Law**

3    **(a)    Plaintiff's RICO Claims Fail**

4    Plaintiff's first, second, and third causes of action allege violations of various

5    provisions of the Racketeer Influenced and Corrupt Organizations Act.  *See* Compl.,

6    ¶¶ 46-63(alleging violation of 18 U.S.C. §§ 1962(b), (c), and (d)).  To state a claim

7    under 1962(c), Plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a

8    pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to

9    plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours &*

10   *Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  1962(b) is similar, but requires Plaintiff to

11   allege that Defendants *acquired control* of an enterprise through their racketeering

12   activity.  *See Jalili v. Far E. Nat. Bank*, No. C 12-5962 SBA, 2013 WL 1832648, at

13   *3 (N.D. Cal. May 1, 2013).  Section 1962(d) prohibits conspiracies to violate

14   1962(b) or (c).  Plaintiff's allegations fail under 1962(b), (c), or (d).

15   *First*, Plaintiff fails to sufficiently allege racketeering activity.  Plaintiff alleges

16   conclusorily that there were "predicate acts . . . cluster[ing] around criminal

17   copyright infringement[] [and] trafficking in certain goods bearing counterfeit

18   marks."  Compl., ¶ 44.  As set forth *supra*, Plaintiff's infringement allegations fail.

19   Moreover, while *criminal* infringement (which requires piracy or counterfeiting) is a

20   predicate act, "run-of-the-mill" infringement, like that alleged by Plaintiff, is not.

21   *Robert Kubicek Architects & Associates Inc. v. Bosley*, No. CV 11-2112 PHX DGC,

22   2012 WL 3149348, at *2 (D. Ariz. Aug. 1, 2012) (dismissing claims where "there

23   [was] no suggestion of piracy or counterfeiting"); *Stewart v. Wachowski*, No. CV 03-

24   2873 MMM VBKX, 2005 WL 6184235, at *5 (C.D. Cal. June 14, 2005) (same).[13]

25

26   _____

[13] While Plaintiff also alleges predicate acts such as "retaliation against [a] Federal

27   Witness" and "slavery," Compl., ¶ 44, these allegations are insufficient as they

simply list acts found in 18 U.S.C. § 1961(b).  *See Jalili*, 2013 WL 1832648, at *4

28   (RICO claim failed under *Iqbal* where allegations "simply restate[d] . . .the statute").

CALDWELL
LESLIE &
PROCTOR

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

*Second*, Plaintiff fails to allege facts showing that Defendants' alleged infringement of *The Butler* and *Selma* are "related" or that there is a "threat" that Defendants will produce future films that infringe his Works as is required to demonstrate a "pattern" of racketeering activity.  *Jalili*, 2013 WL 1832648, at *4.

*Third*, Plaintiff fails to allege the existence of an enterprise.  Although Plaintiff alleges that Defendants were involved in "a RICO enterprise of individuals who were associated in fact," Compl., ¶ 47; *see also id.*, ¶¶ 53, 59, this unsupported allegation will not suffice to demonstrate the existence of an "associated in fact" enterprise, *see Jalili*, 2013 WL 1832648, at *6 (holding that a plaintiff alleging an associated in fact enterprise must (1) demonstrate the existence of "an ongoing organization," and (2) show "that the various associates function as a continuing unit," and dismissing claim where enterprise allegations were "entirely conclusory").

*Fourth*, Plaintiff fails to allege facts showing Defendants RICO conduct injured his business or property.

*Finally*, Plaintiff's claim fails under 1962(d) because Plaintiff has not alleged facts showing that Defendants were part of *any* conspiracy, let alone a conspiracy to violate 1962(b) or (c).

**(b)      Plaintiff's Fraud Claims Fail**

**(i)      Plaintiff's Fails to State a Claim for Fraud**

Plaintiff's fourth and tenth causes of action for "fraud" similarly fail.  Compl., ¶¶ 99, 111.  Plaintiff's single, conclusory allegation in support of his fourth cause of action, that "defendant[s] engaged in fraud relating to the conspiracy to massively infringe and steal [his] copyrighted works," *see* Compl., ¶ 99, does not satisfy Rule 9(b), which requires fraud claims to be pled "with particularity."  Fed. R. Civ. Proc. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how'").  Plaintiff does not allege what false statements Paramount, SPE, or Viacom made, or when, where, or how they were made.  *See Vess v. Ciba-Geigy Corp. USA*,

317 F.3d 1097, 1107 (9th Cir. 2003) (dismissing claims where plaintiff failed to "identify . . . misrepresentations or specify when and where they occurred").

Plaintiff's tenth cause of action is similarly deficient.  Plaintiff alleges that "Defendants engaged in . . [a] sheme (sic) involving members of the court to massively steal the" Works.  Compl., ¶ 111.  Plaintiff incorporates his Case Statement, which identifies various judges, lawyers, and other individuals who plaintiff contends are related in some way, discusses the many rulings against him, and concludes that they have resulted in "added theft" of his Works.  *See, e.g.*, Case Statement, ¶ 3, 7, 10, 12-19.  Plaintiff does not identify a false statement, set forth the circumstances under which it was made, or identify the responsible Defendants.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the'" fraud).

### (ii)    Plaintiff's Fraud Claims Are Preempted

Plaintiff's fraud claims are also preempted by the Copyright Act.  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (citing 17 U.S.C. § 301(a)).  A claim is preempted if: (1) the 'subject matter'" falls within the scope of copyright, and (2) the rights asserted "are equivalent to . . . the exclusive rights of copyright holders." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006).  The second part of the test focuses on whether the state law claim has "an extra element." *Id.* at 1143.  Critically, however, to avoid preemption, the extra element must "transform the nature of the action." *Id.* at 1144.

Plaintiff's fraud claims relate to Plaintiff's copyrighted Works and therefore fall within the subject matter of copyright.  Compl., ¶¶ 99, 111.  Moreover, although fraud generally requires the extra element of misrepresentation, courts have held that fraud claims are preempted where the plaintiff is alleging that a defendant has "fraudulently engaged in acts that are reserved for copyright holders," *e.g.*, "improperly utilizing" a work. *E.g., Design Art, Inc.*, No. 00CV593 JM (JAH), 2000 WL 33151646, at *4 (S.D. Cal. Aug. 18, 2000).  Plaintiff's fraud claims allege, at

CALDWELL
LESLIE &
PROCTOR

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

most, that Defendants infringed his Works, *see* Compl., ¶ 99 ("[e]ach defendant engaged in fraud relating to the conspiracy to massively infringe . . . plaintiff's copyrighted works"); *id.*, ¶ 111 ("Defendants engaged in an elaborate sheme (sic) . . . [to] steal the . . . copyrighted works"), and are therefore preempted. *See Design Art*, 2000 WL 33151646, at *4 ; *see also Giddings v. Vison House Prod., Inc.*, No. CV05-2963-PHX-MHM, 2007 WL 2274800, at *3 (D. Ariz. Aug. 7, 2007).

### (c)    Plaintiff's Conspiracy Claim Fails

The elements of a civil conspiracy are (1) a conspiracy, (2) wrongful conduct in furtherance thereof, and (3) damages. *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06 7541 PJH, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007). While Plaintiff claims that "Defendants conspired to both steal and infringe" his Works, Compl., ¶ 104, he fails to allege any of the essential elements of his claim.[14]

### (d)    Plaintiff's Lanham Act Claim Fails

Plaintiff's seventh cause of action asserts that Defendants violated the Lanham Act by failing to disclose that their films "are based on [his] copyrighted works." *Id.*, ¶ 107.  Plaintiff's claim is foreclosed by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), in which  the Supreme Court held that the author of a television show who alleged he did not receive credit had no remedy under the Lanham Act. *Id.* at 37-38.  The Court concluded that the phrase "false designation of origin" in the Lanham Act refers to "the producer of the tangible goods" and not "to the author of [an] idea [or] concept . . . embodied in those goods," which is instead protected under the Copyright Act.  *Id.*; *see also Williams v. UMG Recordings, Inc.*, 281 F. Supp. 2d 1177, 1183 (C.D. Cal. 2003) (dismissing Lanham Act claim).

---

[14] While Plaintiff cites 42 U.S.C. § 1985(3) in support of his conspiracy claim, *see* Compl., ¶ 104, he fails to allege any of the essential elements of a section 1985(3) claim:  (1) a conspiracy, (2) to deprive any person of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a resulting injury to a United States citizen.  *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

CALDWELL LESLIE & PROCTOR

-17-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

(e)    **Plaintiff's Racial Discrimination Claims Fail**

Plaintiff's eighth cause of action alleges that SPE and several other entities breached implied contracts with Plaintiff based on his race.  *See* Compl., ¶¶ 108-09.  Plaintiff's thirteenth cause of action alleges that Defendants violated Plaintiff's civil rights based on "his race."  *Id.*, ¶ 114 (citing 42 U.S.C. §§ 1981, 1983, 1991).  Both claims fail.  Plaintiff has not alleged any facts showing racial discrimination.  He also has not pled facts showing the existence of an agreement, implied or otherwise, with Defendants.  *See Schloss v. Sick Optic Elec., Inc.*, No. CIV. 96-20236 SW, 1996 WL 708374, at *2 (N.D. Cal. Nov. 22, 1996).  Finally, he has not shown that Defendants' activities were attributable to the State.  *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (stating requirements for 1983 claim).

(f)    **Plaintiff's Negligence Claim Fails**

Plaintiff's ninth cause of action alleges that "Defendants . . . were negligent relating to the fraud [and] copyright infringement . . . pertaining to" his "copyrighted works."  Compl., ¶ 110.  Plaintiff's claim fails because he has not pled facts showing Defendants owed him a duty, that they breached such duty, or that he was harmed.  *See McIntyre v. Colonies-Pac.*, LLC, 228 Cal. App. 4th 664, 671 (2014) (elements of negligence).  Plaintiff's claim is also preempted to the extent the duty he relies upon is "a duty to protect [him] from . . . infringement."  *Watermark Publishers v. High Tech. Sys. Inc.*, 1997 WL 717677, at *5 (S.D. Cal. Aug. 12, 1997) (claim preempted).

(g)    **Plaintiff's Tortious Interference Claim Fails**

Plaintiff's eleventh cause of action purports to state a claim for malicious and tortious interference with Plaintiff's contracts.  *See* Compl., ¶ 112.  Plaintiff fails, however, to allege facts showing any of the essential elements, *i.e.* that (1) he had a valid contract with a third party; (2) Defendants knew about this contract; (3) Defendant acted intentionally to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage.  *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015).

CALDWELL LESLIE & PROCTOR

-18-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

**(h)    Plaintiff's Privacy Violation Claim Fails**

In his twelfth cause of action, Plaintiff alleges that Defendants "violated [his] privacy, by obtaining his copyrighted" Works.  Compl., ¶ 113.  This claim fails. Plaintiff has not shown Defendants obtained his Works.  The claim is also preempted because it is based on the alleged use of his Works in violation of his "exclusive [copyright] right[s]."  *Laws*, 448 F.3d at 1144 (right of publicity claim preempted).

**(i)    Plaintiff's Unfair Competition Claims Fail**

Plaintiff's fourteenth cause of action alleges a claim for unfair competition based on Defendants' unlawful "use[]" his Works.  Compl., ¶ 115.  Plaintiff's fifteenth cause of action similarly alleges unfair competition and "Copyright Infringement Under California Law."  *Id.*, ¶ 117.  These claims are preempted as they seek to protect rights that are not "qualitatively different from the copyright rights."  *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (unfair competition claim preempted), overruled on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ; *see also Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983) (common law copyright claims preempted).

Plaintiff's unfair competition claims also fail on the merits.  California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, prohibits unlawful, unfair, and fraudulent business acts.  *Id.*  Plaintiff's claim fails under the "unlawful" prong because Plaintiff has not alleged facts demonstrating that Defendants violated the Copyright Act or any other law.  Plaintiff's claim fails under the "unfair" prong because Plaintiff has not shown that Defendants engaged in "conduct that threatens . . . [a] violation of an antitrust law."  *Sybersound*, 517 F.3d at 1152.  Finally, Plaintiff's claims fail under the fraud prong because he has not pled facts showing that Defendants made any "misrepresentations [that were] likely to deceive members of the . . . public."  *Id.* at 1153 (affirming dismissal of UCL claim).

**(j)    Plaintiff's Conversion Claim Fails**

Plaintiff's sixteenth cause of action for conversion fails because he has not

CALDWELL LESLIE & PROCTOR

-19-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS

1  alleged facts showing that Defendants "us[ed]" his Works without permission, i.e.

2  converted them.  Compl., ¶ 118.  This claim is further preempted because "the

3  crucial allegation" is that "Defendants have wrongfully used . . . [his] work."  *Dielsi*

4  *v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (conversion claim preempted).

5  **(k)    Plaintiff's Vicarious Infringement Claim Fails**

6  Plaintiff's seventeenth cause of action for vicarious infringement fails because

7  he has failed to "demonstrate direct infringement" as is required to state such a claim.

8  *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 937 (9th Cir. 2010).

9  **(l)    Plaintiff's Damages Claim Fails**

10  Finally, because all of Plaintiff's substantive cause of actions fail, Plaintiff's

11  eighteenth cause of action, which simply seeks "damages" fails.  Compl., ¶ 120.

12  **IV.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

13  The gravamen of Plaintiff's claims is that Defendants infringed *The Mayor*,

14  but neither *The Butler* nor *Selma* are substantially similar to *The Mayor*.  Because

15  this basic deficiency "could not possibly be cured by [additional] allegation[s]" leave

16  to amend should be denied.  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942

17  (9th Cir. 2009); *see also e.g.*, *Campbell*, 718 F. Supp. 2d at 1116 (denying leave to

18  amend where the works not substantially similar ); *Gadh v. Spiegel*, No. CV 14-855-

19  JFW PJWX, 2014 WL 1778950, at *6 (C.D. Cal. Apr. 2, 2014) (same).

20  **V.    CONCLUSION**

21  For all the reasons set forth above, Defendants respectfully request that their

22  Motion for Judgment on the Pleadings be granted and this action be dismissed.

23  DATED:  March 30, 2016          CALDWELL LESLIE & PROCTOR, PC

24                                 By _____
                                      */s/* Linda M. Burrow

25                                    LINDA M. BURROW

26                                 Attorneys for Defendants PARAMOUNT
                                   PICTURES CORPORATION, SONY

27                                 PICTURES ENTERTAINMENT INC., and
                                   VIACOM INC.

28

CALDWELL
LESLIE &
PROCTOR

-20-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO PLAINTIFF DAVID L. WHITEHEAD'S CLAIMS